**FEDERAL POWER COMMISSION, an independent regulatory agency of the United States, Plaintiff,**

v.

**The CORPORATION COMMISSION OF the STATE of OKLAHOMA et al., Defendants,**

**Colorado Interstate Gas Company et al. Intervenors.**

No. Civ. 72–832.

United States District Court, W. D. Oklahoma. Jan. 29, 1973.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., Leo Forquer, Gen. Counsel, George W. McHenry, Jr., Acting Sol., John H. Burnes, Atty., Federal Power Commission, Washington, D. C., for plaintiff.

Harvey H. Cody, Conservation Atty., Oklahoma City, Okl., for defendants.

Elmer J. Jackson, Hastings, Neb., Peter Kauffman, Chicago, Ill., John D. Townsend, Houston, Tex., Edwyn R. Sherwood, Colorado Springs, Colo., Joseph M. Wells, Paul E. Goldstein, Chicago, Ill., Paul J. McCarthy, Omaha, Neb., Hal D. Leaming, Oklahoma City, Okl., Raymond N. Shibley, Washington, D. C., Barth P. Walker, Oklahoma City, Okl., for intervening plaintiffs.

## ORDER DENYING MOTION TO DISSOLVE THREE-JUDGE COURT

Before HILL, Circuit Judge, and DAUGHERTY and EUBANKS, District Judges.

PER CURIAM.

This three-judge District Court has been duly constituted pursuant to 28 U. S.C. § 2281. The Plaintiff seeks to enjoin certain orders of the Oklahoma Corporation Commission which fix the minimum well-head price to be paid by the purchasers of natural gas, produced from wells in Oklahoma, that move in intrastate and interstate commerce. The Complaint alleges first that enforcement of the orders should be enjoined because the Congress has preempted the field of price fixing by the enactment of the Natural Gas Act of 1938. The Complaint further alleges that the orders constitute regulations of interstate commerce and that they place unreasonable burdens on interstate commerce in natural gas, both in violation of the federal commerce power.

### THE MOTION

The Defendants have moved to dissolve the court, alleging that the only question is preemption. Their supporting Brief alleges as follows:

The gist of Plaintiff's case is purely a question of federal preemption—whether or not the subject orders encroach upon the exclusive gas price regulatory function pre-empted by the Congress in the Natural Gas Act, 15

U.S.C. Sections 717 et seq. (Defendants' Brief in support of Motion to Dissolve Three Judge Court at p. 1).

## FIRST QUESTION

 The Motion raises the question: Should a duly constituted three-judge court be dissolved where an agency of the United States seeks to enjoin state action [a] as contrary to a federal statute (preemption) and [b] as invalid under the commerce clause of the federal Constitution (constitutional)? Stated differently the issue is whether this Court should be dissolved because the Complaint alleges both nonconstitutional and constitutional grounds for relief if the asserted nonconstitutional ground may be dispositive of the case?

Both federal statutes and the federal Constitution are the supreme law of the land. Article VI, cl. 2 expressly provides that: "This Constitution, and the laws of the United States . . . shall be the supreme Law of the Land." Section 2281 of 28 U.S.C. mandates a three-judge court, however, only whenever the enforcement of a state statute is sought to be enjoined "upon the ground of the unconstitutionality of such statute." Congress could have gone further and have mandated a three-judge court whenever the enforcement of a state statute is sought to be enjoined on the ground of conflict with a federal statute [preemption], but it did not do so. Therefore, the three-judge court requirement does not apply to supremacy cases involving only federal-state statutory conflicts. Swift & Co. v. Wickham, Commissioner, etc., 1965, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194, overruling Kesler v. Department of Public Safety, 1962, 369 U.S. 153, 82 S. Ct. 807, 7 L.Ed.2d 641.

The Complaint herein alleges both a federal-state statutory conflict [Natural Gas Act (15 U.S.C. § 717 et seq.)], and a substantive constitutional conflict [commerce clause]. This court having been duly convened is not to be dissolved even though upon hearing the case may be decided on the supremacy ground

alone and the constitutional issue be not reached. In United States v. Georgia Public Service Commission, 1963, 371 U.S. 285, 83 S.Ct. 397, 9 L.Ed.2d 317, the United States successfully enjoined the Georgia Commission from the enforcement of its approved rates for mass carriage of household goods of civilian employees of the federal government, alleging both a federal-state statutory conflict and a substantive constitutional conflict. The Court said:

So we have a clear case for convening a three-judge court. Once convened *the case can be disposed of below* or here *on any ground,* whether or not it would have justified the calling of a three-judge court. pp. 287–288, 83 S. Ct. p. 399. [Emphasis added.]

In Zemel v. Rusk, 1965, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179, Mr. Chief Justice Warren, speaking for a majority of the Supreme Court, observed that the Supreme Court has

often held that a litigant need not abandon his nonconstitutional arguments in order to obtain a three-judge court.

Other cases of like holding are:

Florida Lime, etc. Growers v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568. State statute sought to be enjoined on constitutional ground [commerce clause, equal protection] and federal preemption [Agricultural Marketing Act]. The Court said:

The joining in the complaint of a nonconstitutional attack along with the constitutional one does not dispense with the necessity to convene such a court. p. 80, 80 S.Ct. p. 573.

Paul, Director, etc. v. United States, 1963, 371 U.S. 245, 83 S.Ct. 426, 9 L. Ed.2d 292. State minimum price regulations of milk sought to be enjoined on constitutional ground [maintain armed forces, manage federal enclaves] and federal preemption [procurement statutes]. The court said:

A three-judge court was . . . required even if other issues, [preemp-

tion] would not pass muster on their own were also tendered.

## SECOND QUESTION

■ Do the allegations of the Complaint that the orders of the Oklahoma Corporation Commission constitute a regulation of interstate commerce and place an unreasonable burden on interstate commerce, in violation of the federal commerce power, raise "substantial" constitutional issues? In Swift v. Wickham, supra, Mr. Justice Harlan, speaking for the Court, said:

It has long been held that no such [three-judge] court is called for when the alleged constitutional claim is insubstantial. (Citations omitted)

In Water Service v. Redding, 1938, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323, the Court said that lack of substantiality of a constitutional claim

may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions [of the Supreme Court] as to foreclose the subject. p. 255, 58 S.Ct. p. 867.

In Goosby et al. v. Osser et al., 409 U. S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36, decided by the United States Supreme Court on January 17, 1973, the Court said:

Section 28 U.S.C. § 2281 does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial. 'Constitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' Bailey v. Patterson, 369 U.S. 31, 33 [82 S.Ct. 549, 7 L.Ed.2d 512] (1962), 'wholly insubstantial,' ibid, 'obviously frivolous,' Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 [30 S.Ct. 326, 54 L.Ed. 482] (1910), 'obviously without merit,' Ex parte Poresky, 290 U.S. 30, 32 [54 S.Ct. 3, 78 L.Ed. 152] (1933). The limiting words 'wholly' and 'obviously' have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions which merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' Ex parte Poresky, supra, 290 U.S. at 32 [54 S.Ct. 3]; see also Levering and Garrigues Co. v. Morrin, supra, 289 U.S. 103, 105 [53 S.Ct. 549, 77 L.Ed. 1062] (1933); Hannis Distilling Co. v. Baltimore, supra, 216 U.S. at 288 [30 S.Ct. 326]; McGilvra v. Ross, 215 U.S. 70, 80 [30 S.Ct. 27, 54 L.Ed. 95] (1909).

The Complaint alleges substantial constitutional conflicts. In said Complaint it is alleged that Oklahoma is the third largest gas producing state in the Union; that nine percent of the gas sold in interstate commerce in the United States is produced in Oklahoma, and that consumers in other states depend upon an adequate supply of natural gas for industrial and domestic use. In its Brief opposing the instant Motion, Plaintiff states that, based upon 1970 data, the orders here under attack will have a financial impact in excess of $30,000,000.00 per year which will be passed along to the consuming public in other states because the pipeline distributing companies are entitled to recover their well-head costs for the gas purchased, as well as their costs of transmitting and distributing said gas.

The Complaint further states that the order in question, with attendant shut in power, would substantially reduce the volume of natural gas flowing in interstate commerce in that producers from wells receiving the lesser Federal Power Commission rate may have their wells shut in. The Complaint further alleges

that there is a shortage in the national fuel supply and that this shortage is especially critical with regard to natural gas and that said shortage might be increased by the orders in question here.

In Bibb, etc. v. Navajo Freight Lines, Inc., 1959, 359 U.S. 520, 79 S.Ct. 962, 3 L.Ed.2d 1003, the Supreme Court held invalid an Illinois statute, as violative of the federal commerce clause, which required trucks and trailers operating on the state highways to be equipped with a specified type of rear fender mudguard which would seriously interfere with interline operations of motor carriers. Illinois attempted to justify the statute as a safety measure. But the Court said that the record in the case showed that the regulations placed "such a heavy burden on interstate commerce, uncompensated by compelling advantages of safety, that it violates the commerce clause." Syllabus (c), p. 520.

Account is taken of Pennsylvania & Ohio v. West Virginia, 1922, 262 U.S. 553, 43 S.Ct. 658, 67 L.Ed. 1117, where the Supreme Court, in pertinent part, held:

> The transmission of natural gas from one state to another for sale and consumption in the latter, is interstate commerce, and a state law, whether of the state where the gas is produced or of that where it is to be sold, which by its necessary operation prevents, obstructs or burdens such transmission, is a regulation of interstate commerce—a prohibited interference [Syllabus 6, p. 554].

It clearly appears that the Complaint alleges substantial constitutional conflict of the subject orders with the federal commerce power. Cities Service Co. v. Peerless Co., 1950, 340 U.S. 179, 71 S.Ct. 215, 95 L.Ed. 190 and Phillips Petroleum Co. v. Oklahoma et al., 1950, 340 U.S. 190, 71 S.Ct. 221, 95 L.Ed. 204, are not per se dispositive of the issues herein. While the Court there held that price fixing orders of the Oklahoma Corporation Commission enacted solely as conservation measures, did not violate the federal commerce clause, the question of a conflict of the conservation orders and the federal Natural Gas Act was not before the Court. Moreover, subsequent cases, e. g. Phillips Petroleum Co. v. Wisconsin et al., 1954, 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035, and Natural Gas Pipeline Co. v. Panoma Corporation, 1955, 349 U.S. 44, 75 S.Ct. 576, 99 L.Ed. 866, seem to demonstrate some erosion of the earlier holdings. Furthermore, in the case at bar we understand that Plaintiff may make some contention that the orders here challenged are rate-fixing orders instead of conservation measures.

The foregoing is not to say, of course, that the Plaintiff is as a matter of law entitled to the relief sought by it herein. We neither decide nor intimate any view upon the merits. It suffices that we hold that the authorities we have cited do not "foreclose the subject" of Plaintiff's challenge to the Oklahoma regulatory scheme.

We therefore conclude that this case must be heard and determined by a District Court of three judges, and accordingly, the Motion of Defendants to Dissolve said three-judge court is in all things denied.