# HANNIS DISTILLING COMPANY v. MAYOR AND CITY COUNCIL OF BALTIMORE.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MARYLAND.

No. 75.    Argued January 12, 1910.—Decided February 21, 1910.

Where the unsoundness of a Federal question so clearly appears from previous decisions of this court as to foreclose the subject and leave no room for controversy, the writ of error will be dismissed.

This court having decided in *Carstairs* v. *Cochran*, 193 U. S. 10, that the State of Maryland can, as an exertion of its taxing power, without denial of due process of law, tax tangible property having a situs within its borders, irrespective of the residence of the owner, and can if necessary impose the obligation to pay such tax upon the custodian or possessor of such property, giving a lien thereon to secure reimbursement, the only Federal question involved and which would give this court jurisdiction in this case is so foreclosed that the writ of error is dismissed for want of jurisdiction.

This court will not usurp the functions of a state court of last resort in order to distort if not destroy for infirmity of state power a state statute expressly upheld as valid by the state court.

THE facts, which involve the constitutionality of a taxing law of the State of Maryland and the jurisdiction of this court to consider the same on writ of error, are stated in the opinion.

*Mr. Shirley Carter* for plaintiff in error.

*Mr. Sylvan Hayes Lauchheimer* and *Mr. Edgar Allan Poe*, with whom *Mr. Oscar Leser* was on the brief, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

The city of Baltimore sued to recover from the Hannis Distilling Company, a West Virginia corporation, $18,218.68, of which $9,259.29 was the amount of state and city taxes for 1902 on an assessment of 50,996 barrels of distilled spirits, and $8,959.49 was the sum of state and city taxes for 1903

on an assessment of 54,514 barrels of distilled spirits. It was alleged that the spirits assessed were "in the ownership and possession or custody of said defendant in the city of Baltimore, State of Maryland . . . at the time each assessment was made." The declaration as amended alleged that the taxes sued for had been levied by virtue of "chapter 704 of the acts of general assembly of Maryland passed at the January session of 1892, as amended by chapter 320 of the acts of the general assembly of Maryland, passed at the January session of 1900." The provisions thus referred to are embraced in §§ 214–224, inclusive, of Article 81 of the Code of Public General Laws of Maryland of 1904. Their purpose is indicated by §§ 214 and 215, which are as follows:

"Sec. 214. There shall be levied and collected upon all distilled spirits in this State, as personal property, the same rate of taxation which is imposed by the laws of the State on other property for state and county purposes.

"Sec. 215. For the purpose of such assessment and collection it is hereby made the duty of each distiller, and every owner or proprietor of a bonded or other warehouse in which distilled spirits are stored and of every person or corporation having custody of such spirits to make report to the state tax commissioner, on the first day of January in each and every year, of all the distilled spirits on hand at such date, and the tax for the ensuing year from the said first of January shall be levied and paid on the amount of distilled spirits so in hand, as representing the taxable distilled spirits for such year; provided, however, that the same distilled spirits shall not be taxed twice for the same year."

By the remaining provisions of the act the machinery for levying and collecting the taxes for which the act provided was created. Such regulations afforded those interested an opportunity to be heard as to the amount of any assessment, made it the duty of the person having the possession, control or custody of the spirits assessed to pay the taxes levied thereon, and gave to the persons thus made liable to make

payment a lien upon the spirits to secure the reimbursement of the taxes paid.

Because of diversity of citizenship the defendant removed the case to the Circuit Court of the United States for the District of Maryland. In that court two pleas to the declaration were filed. By the first, it was alleged that the corporation was not only incorporated under the laws of West Virginia, but had always been exclusively a citizen and resident of that State, and of no other. The corporation, it was averred, was not, at the time when the taxes sued for were levied, the owner of the distilled spirits upon which the levy was made, or any portion thereof, and, indeed, had never at any time since the assessment and levy had any interest, direct or indirect, in the distilled spirits in question. Under these circumstances it was charged "that under the provisions of article 15 of the bill of rights of the constitution of Maryland, as the same has been construed by the Court of Appeals of Maryland . . . the respective taxes levied on the assessed value of all of the said barrels of distilled spirits . . . were levied on the owners of said barrels of distilled spirits, who were and are persons other than this defendant, and the said taxes were not and could not have been levied on this defendant." The plea then proceeded to aver that at all times prior to the day when the assessment had been made and since, the spirits assessed had been stored in the defendant's bonded warehouse subject to the acts of Congress applicable to bonded warehouses, and that the defendant had at no time "any further custody or control of the spirits than is by the acts of Congress applicable to the subject." The plea further charged that the corporation had no funds in its possession or under its control, belonging to the owners of the spirits with which to pay the taxes; that the corporation had not agreed to pay them, that it had never borne any other relation to the owners than that of creditor, and therefore there was no right to recover the taxes from the corporation or to compel it to pay them. It

was specially averred that to compel the corporation to pay the taxes would be to deprive it of its property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States. The second plea substantially reiterated the averments of the first, and, in addition, specially alleged that all the persons who owned the distilled spirits resided outside of the State of Maryland and could not be taxed *in personam*, and that, by the construction given to the constitution of the State by the highest court of the State, the property, although situated in the State, was not susceptible of being taxed, and, therefore, the taxes were void, and there was no power to cast upon the corporation the duty of paying them, and to compel the corporation to pay the taxes would be a violation of the due process clause of the Fourteenth Amendment.

A demurrer filed by the city to both pleas, on the ground that they stated no defense, was sustained without an opinion. The distilling company, electing to stand upon its pleas, judgment was entered against it for the amount of the taxes. Thereupon a writ of error directly from this court was prosecuted upon the assumption that questions under the Constitution of the United States were involved which gave a right to an immediate resort to this court for their solution. Upon the correctness of such assumption our jurisdiction depends. The assumption, however, may not be indulged in simply because it appears from the record that a Federal question was averred, if such question be obviously frivolous or plainly unsubstantial, either because it is manifestly devoid of merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy. *Leonard* v. *Vicksburg, S. & P. R. Co.,* 198 U. S. 416, 421, and cases cited; *Delmar Jockey Club* v. *Missouri,* 210 U. S. 324, 335; *McGilvra* v. *Ross,* 215 U. S. 70.

The assignments merely charge that error was committed

in sustaining the demurrer to the pleas, and consequently in refusing to give effect to the alleged rights under the Constitution which the pleas asserted. But the pleas based the claim of Federal right not merely upon the inherent operation of the law under which the taxes were levied, abstractly considered, but upon limitations which it was assumed were to be treated as embodied in the law in consequence of restrictions on the general power of the State to tax, based upon the construction which it was asserted had been given to a provision in the bill of rights in the state constitution by the court of last resort of the State. And the argument elaborately pressed at bar concerning the assumed Federal question accords with this conception of the pleas, since it does not deny that the act under which the taxes were levied would not be wanting in due process if it had been enacted by a state government possessing normal powers of local taxation, but contends that the act under consideration must be held to be wanting in due process, because its provisions should be construed with reference to the assumed abnormal limitations upon the taxing power of the State of Maryland, above referred to. By the limitation which the argument thus assumes to exist, it is urged the government of the State of Maryland, in the exertion of its taxing power, is confined exclusively to the levy of taxes *in personam* upon the owners of property. Being thus limited by the state constitution, the argument proceeds to insist that there was no taxing power in the State of Maryland adequate to embrace an assessment of taxes upon a mere custodian of distilled spirits, and consequently that the compelling of a custodian to pay such an imposition, not being within the taxing power, was virtually an exercise of the power of eminent domain, and hence there was such a proposed taking of the money or property of the custodian, without full and adequate compensation, as would constitute a denial of due process of law. In addition, it is elaborately insisted that as by the Constitution of the United States a State may not extend its taxing au-

thority over non-residents it must follow, from the limitations
on the taxing power of the State of Maryland above asserted,
that that State not having the power to tax a non-resident
owner of distilled spirits, could not, without a violation of the
Fourteenth Amendment of the Constitution of the United
States, by indirection accomplish the same result by imposing
the obligation to pay upon the custodian. But back of the
abstract theories as to the scope of the state taxing power
upon which these propositions necessarily depend lies the
inquiry whether, for the purposes of this case, in view of the
previous decisions of the court of last resort of the State of
Maryland and of this court dealing with such decisions, it is
open to press such theories and to attempt to make them the
basis of the assumed existence of rights under the Constitu-
tion of the United States.

In *Carstairs* v. *Cochran*, 95 Maryland, 488, 498, suit was
brought by Cochran, as treasurer and tax collector, to recover
from Carstairs and another the amount of taxes assessed and
levied in respect of distilled spirits in a warehouse of the
defendants, the assessment and levy having been made under
the identical law by virtue of which the assessment and levy
here in controversy was made. The Court of Appeals of
Maryland upheld the statute and consequently sustained the
validity of the tax. In opening its opinion the court said:

"This appeal constitutes the third attack upon the validity
of the act of 1892, c. 704, as now amended by the act of 1900,
c. 320, being §§ 204 and 213, inclusive, of Article 81 of the
Supplement to the Public General Code of Maryland, provid-
ing for the collection of taxes upon distilled spirits in this
State.

"The appellants admit that all the features of the law
which are here assailed upon constitutional grounds were
considered by the court in *Monticello Distilling Co.* v. *City of
Baltimore*, 90 Maryland, 416; and that while the act was there
held invalid, as it then stood, because of the failure to provide
for a hearing in respect to the valuation to be placed on the

spirits for the purposes of taxation, it was declared to be 'in other respects free from constitutional objections.' "

After then stating that it was contended that, as the *Monticello case* had been decided on the ground that the statute did not provide adequate notice, the declarations of the court in that case upholding the constitutionality of the law in other respects were *obiter*, the court proceeded to consider that contention and hold that it was not well founded, because the reasoning in the *Monticello case* concerning the constitutionality of the statute was directly responsive to the contentions made, and therefore involved in the case as presented. Although reaching this conclusion, in view of the court's estimate of the importance of the subject, it nevertheless proceeded to reconsider all the contentions concerning the constitutionality of the statute. As a prelude to the reinvestigation the court said (95 Maryland, 500):

"The provisions of the act of 1892, c. 704, were sufficiently detailed in the opinion rendered in *Monticello Distilling Co. v. City of Baltimore, supra,* and that statement will be adopted for this case without repeating it here. That act is assailed here as it was there, as fundamentally vicious, and upon precisely the same grounds, with the exception of the want of notice of assessment, which has been cured by act 1900, c. 320. These grounds are twofold: First, that it lays a tax upon property, and not upon the owner of the property; and, second, that it compels one not the owner of the spirits to pay the tax due by the owner, who is usually unknown to the party compelled to pay."

And after an elaborate consideration of all the contentions the conclusions reached in the *Monticello case* were adhered to and the constitutionality of the statute imposing the tax was reaffirmed. The case was brought to this court (*Carstairs v. Cochran,* 193 U. S. 10) and the repugnancy of the statute to the Constitution of the United States was elaborately pressed. Preliminarily to a consideration of the Federal questions which were presented for decision the court at the

outset declared (p. 16) "that the statutes in question do not conflict with the constitution of Maryland is settled by the decisions of its highest court." In considering the Federal question it was held that the State of Maryland could, as an exertion of its taxing power, without denial of due process of law, tax tangible property having a situs within its borders, irrespective of the residence of the owner, and could impose, if necessary, the obligation to pay such tax upon the custodian or possessor of such property, giving a lien thereon to secure the reimbursement of the tax so paid. It was moreover expressly held that neither the regulations contained in the laws of the United States concerning bonded warehouses for the storage of distilled spirits nor the fact that the custodian in whose warehouse such spirits were stored had issued negotiable receipts for the same, operated to prevent the assessment of the spirits for state taxation and the imposing of the duty to make payment of the tax upon the warehouseman. Since the decision in the *Carstairs* case the right of a State consistently with the Constitution of the United States to tax tangible property having a situs within its borders, irrespective of the residence of the owner, and to impose the duty on a warehouseman to pay a tax upon distilled spirits in his custody, even although the warehouse in which they were stored was bonded under the laws of the United States, has been again upheld in *Thompson* v. *Kentucky*, 209 U. S. 340.

It follows that at the time the writ of error directly from this court was sued out, upon the assumed theory that the Maryland act imposing the taxes sued for was repugnant to the due process clause of the Constitution of the United States, such contention had been expressly decided to be without foundation by this court, and therefore the propositions of Federal right upon which alone the jurisdiction of this court depended was foreclosed and not open to controversy, and afforded no substantial basis for the writ of error, unless for some of the reasons alleged by counsel the case is taken out of this general principle.

To accomplish such result the argument is that in *Carstairs* v. *Cochran* this court erroneously, although unwittingly, assumed that the law of the State of Maryland levying the tax which was in question in that case, and which is the same law and character of tax involved in this case, had been upheld by the Maryland court of last resort as a valid exercise of the state taxing power. This alleged oversight, it is suggested, arose from the fact that the court overlooked the "singular limitations" on the taxing power of the State of Maryland, which, as we have previously seen, it is asserted, results from a provision in the bill of rights of the constitution of that State, by which it is insisted the State is bereft of general powers of taxation, and is limited strictly to taxing the owners of property *in personam.* Before further noticing this theory we briefly advert to an attempt to support the suggestion of oversight alleged to have occurred in the decision in the *Carstairs case* by reference to the subsequent case of *Corry* v. *Baltimore,* 196 U. S. 466. The *Corry case* did not concern the Maryland law here in question, but involved the constitutionality of a tax imposed by the State of Maryland upon the shares of stock in a domestic corporation held by a nonresident of the State, which were assessed at the domicil of the corporation, accompanied with the obligation upon the corporation to pay the tax. The principal contention was that the tax was repugnant to the due process clause of the Fourteenth Amendment, because, as the complainant stockholder was a non-resident of Maryland, the tax was an attempt to extend the taxing power of the State over a person not subject to its jurisdiction. The court, while recognizing that the Maryland court had decided that the tax in question was not upon the stock *in rem* or upon the corporation, but was upon the owner, nevertheless decided that the tax was not wanting in due process, because the situs of the stock for the purpose of taxation was in effect fixed by the act of incorporation by which the stockholder was bound, and that the right thus to tax at the domicil of the corporation carried with it

as an incident the regulating power to compel the corporation to pay. Because it was recognized that the court below had decided that the tax there in question was *in personam*, and, accepting the complexion given to the tax by the court of last resort of Maryland, it was held not to be repugnant to the Constitution of the United States, lends even no semblance of support to the proposition that thereby it was in the remotest degree intimated that the *Carstairs case* was mistakenly decided or that in disregard of the ruling made by the Maryland court in the *Carstairs case* it was intended to intimate that the burden which the court in that case had sustained as an exercise of the taxing power of the State of Maryland was not the exertion of such authority. And this serves to demonstrate the unsubstantial character of the contention concerning the limitation of the state taxing power as applied to the case before us, by which alone the semblance of support for the existence of a Federal question necessary to confer jurisdiction upon this court can be evolved. Beyond dispute, in the *Carstairs case* the court of last resort of Maryland upheld the act here in controversy as an exertion of the taxing power of the State, and in so doing declared that it but reiterated and reëxpounded rulings by it previously made. It follows that, as for the purposes of a review by this court of alleged questions concerning the repugnancy of the taxing act to the Constitution of the United States, the decision of the state court maintaining under the state constitution the validity of the taxing power which the act exerted was binding upon this court, it must result that contentions to the contrary are so devoid of merit as to present no substantial Federal question. *Castillo* v. *McConnico*, 168 U. S. 674. Indeed, considered in its ultimate aspect, the entire argument by which it is sought to evolve a supposed Federal question and thus to escape the controlling effect of the decision of this court in the *Carstairs case*, rests upon the assumption that the conclusion of the state court in that case as to the validity of the taxing act under the state constitution was not sus-

tained by the reasoning which the court gave for its conclusion or that the reasoning was inherently unsound because it proceeded upon a misconception of the state constitution. In other words, the only possible foundation for the asserted Federal question is the conception that this court would usurp the functions of a state court of last resort in order to distort, if not to destroy, for infirmity of state power, a state law expressly upheld as valid by the state court of last resort.

*Dismissed for want of jurisdiction.*