Annette GLOVER, on behalf of herself and her minor child, Chalyce, Shirley Hook, on behalf of herself and her minor child, Paul, and all others similarly situated, et al., Plaintiffs-Appellees,

v.

Georgia L. McMURRAY, individually and as Commissioner of the Agency for Child Development of the City of New York, et al., Defendants-Appellants.

Nos. 305 to 307, Dockets 73-1876, 73-1904 and 73-1906.

United States Court of Appeals, Second Circuit.

Argued Oct. 10, 1974.

Decided Nov. 1, 1974.

Shirley Adelson Siegel, Asst. Atty. Gen., State of New York, New York City (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, on the brief), for defendant-appellant Lavine.

Louis B. York, Manhattan Legal Services, New York City (Marttie L. Thompson, Antone G. Singsen, III, and Marcia Cleveland, Community Action for Legal Services, Inc., New York City, on the brief), for plaintiffs-appellees.

Before LUMBARD, HAYS and TIMBERS, Circuit Judges.

PER CURIAM:

The Supreme Court, in a per curiam order[1] entered June 17, 1974, 417 U.S. 963, remanded the above case to us for further consideration in light of the Supreme Court's decision of March, 25, 1974 in Hagans v. Lavine, 415 U.S. 528 (1974).

The issue to which our earlier opinion of November 7, 1973 was addressed was the correctness of a judgment which had been entered in the Southern District of New York, Kevin T. Duffy, *District Judge,* on May 24, 1973, 361 F.Supp. 235, ordering defendants to re-

---

1. The Supreme Court's per curiam order of June 17, 1974 reads as follows:
"The petition for a writ of certiorari is granted, the judgment is vacated and the case is remanded to the United States Court of Appeals for the Second Circuit for further consideration in light of Hagans v. Lavine, 415 U.S. 528."

store day care services to plaintiffs (including reimbursement for any day care services rendered during the pendency of this action) and enjoining defendants from denying day care services to any applicant because of failure to submit a certain form until that form was revised in accordance with the district court's opinion.

On appeal, one judge dissenting, we reversed and remanded the case to the district court with instructions to dismiss for want of jurisdiction. 487 F.2d 403. Our essential holding was that plaintiffs' due process claim did not present a substantial constitutional question and that accordingly there was no pendent jurisdiction over the statutory claims.

Pursuant to the Supreme Court's remand order of June 17, 1974, we entered an order on July 17, 1974 vacating our judgment of November 7, 1973. Thereafter we restored the case to the calendar, directed the parties to serve and file supplemental briefs and heard further oral argument on October 10, 1974.

The asserted jurisdictional underpinning for the instant action is the Civil Rights Act, 42 U.S.C. § 1983 (1970), and its jurisdictional implementation, 28 U.S.C. § 1343(3) (1970). Pendent jurisdiction over the statutory claims turns. upon the existence of such jurisdictional underpinning.

The test for determining whether a substantial constitutional claim has been presented for § 1343(3) jurisdictional purposes was restated by the Supreme Court in Hagans v. Lavine, *supra*. The Court's refusal to reexamine the substantiality doctrine in *Hagans*, and particularly its emphasis upon the concept of "constitutional insubstantiality" as reviewed in Goosby v. Osser, 409 U.S. 512, 518 (1973),[2] leads us to the inescapable conclusion that the district court in the instant case did have jurisdiction over the due process claim asserted by plaintiffs and pendent jurisdiction to consider the statutory claims urged by them.

We therefore remand the case to the district court for all purposes. We order that the mandate issue forthwith.[3]

Remanded.

2. The Court in *Hagans, supra*, 415 U.S. at 537–38, quoted as follows from *Goosby, supra*, 409 U.S. at 518, where it had reviewed the question of "constitutional insubstantiality" in the context of convening a three-judge court under 28 U.S.C. § 2281 (1970):

"'Constitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' Bailey v. Patterson, 369 U.S., at 33; 'wholly insubstantial,' *ibid*.; 'obviously frivolous,' Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 (1910); and 'obviously without merit,' Ex parte Poresky, 290 U.S. 30, 32 (1933). The limiting words 'wholly' and 'obviously' have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if ' "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." ' Ex parte Poresky, *supra*, at 32, quoting from Hannis Distilling Co. v. Baltimore, *supra*, at 288; see also Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105–106 (1933); McGilvra v. Ross, 215 U.S. 70, 80 (1909)."

3. In view of this disposition, plaintiffs' pending motion to vacate our stay of June 29, 1973 is rendered moot.