Michael **ROBERTS**, a minor, by his next friend, **Judith Roberts, and Judith Roberts in her own right**

v.

James **WAY, Principal of Longfellow School, et al.**

Civ. A. No. 74–302.

United States District Court, D. Vermont.

July 16, 1975.

Patrick R. Berg & James J. Dunn, Jr., Vermont Legal Aid, Inc., Rutland, Vt., for plaintiffs.

Ryan, Smith & Carbine, Porter E. Noble, Clayton H. Kinney, Richard W. Norton, Rutland, Vt., for defendants.

## MEMORANDUM AND ORDER

HOLDEN, Chief Judge.

This action is principally founded on 42 U.S.C. § 1983 (1970) to obtain injunctive and declaratory relief with compensatory and punitive damages against two officials of the Rutland public school system. The cause was generated by corporal disciplinary action dealt to the plaintiff Michael Roberts who, at the age of eleven, was attending the sixth grade in the Longfellow School in Rutland. The defendant Way was the school principal; the defendant Chesley was the superintendent of schools. The complaint is brought by Michael's mother, Judith Roberts, in his behalf and in the parent's own right.[1] The complaint is challenged at the outset by a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). For the limited pur-

---

1. Plaintiff Judith Roberts brings this action both as Michael's next friend and in her own behalf. On January 2, 1975, the court granted the plaintiffs' motion to proceed *in forma pauperis*. The plaintiffs are now represented by Vermont Legal Aid.

pose of the motion, the court is called upon to accept the facts as alleged in the complaint. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1971).

On November 1, 1974, plaintiff Michael Roberts was attending a mathematics class at the Longfellow School, where he was enrolled. The class was being conducted by teacher-aide Anne Ladabouche. Michael attempted to occupy a seat already occupied by another student. When ordered by Ms. Ladabouche to take another seat, Michael struck the other student with a book and ran from the classroom. Ms. Ladabouche located Michael in the corridor and returned him to the classroom. She seated Michael on the far side of the classroom, apart from the other students.

Thirty minutes later Ms. Ladabouche sent the student who had been struck by Michael to the Principal's office. According to the complaint, within minutes the defendant Way entered Ms. Ladabouche's classroom. Without announcing the purpose of his visit, defendant Way proceeded directly to where Michael was seated. Without request by Ms. Ladabouche and without warning, defendant Way struck Michael with his foot, knocking him from his seat onto the floor. The defendant then kicked Michael on the abdomen, back and legs and pulled his hair. Defendant Way then departed the classroom; Michael remained at school until dismissal time. Michael suffered severe bruises to his abdomen, back and legs.

Defendant Way never requested or received parental permission from plaintiff Judith Roberts prior to inflicting corporal punishment on Michael. Michael was not informed why he was being punished, nor was he afforded an opportunity to rebut any charges against him.

On November 11, 1974, plaintiff Michael Roberts was permanently transferred to the Lincoln Elementary School as the result of a decision by defendant Chesley and others.

The plaintiffs seek to hold defendant Chesley, Superintendent of the Rutland Public Schools, liable on the theory that he permitted the infliction of bodily punishment, pursuant to 16 V.S.A. § 1161 (1974), without having previously formulated or promulgated "any specific policy or regulations on how corporal punishment is to be administered or what protections are to be afforded to the students and what is to be considered reasonable corporal punishment."

In their first cause of action, the plaintiffs allege that the defendants' actions violated constitutional rights secured to them by the Fourth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. They claim that 16 V.S.A. § 1161 (1974) on its face and as applied is unconstitutional and seek declaratory relief to that effect pursuant to 28 U.S.C. §§ 2201, 2202 (1970) and Fed.R.Civ.P. 57. The plaintiffs ask the court to enjoin the defendants from administering corporal punishment in violation of their constitutional rights and have requested that a three-judge court be convened pursuant to 28 U.S.C. §§ 2281 & 2284 (1970).

In their second cause of action, the plaintiffs seek money damages under 42 U.S.C. § 1983 (1970). The third cause of action seeks money damages under the pendent state claims of assault and battery and violation of the express terms of the state corporal punishment statute, 16 V.S.A. § 1161 (1974).[2]

■ At the outset, the court must determine whether it has jurisdiction over this action under 28 U.S.C. § 1343(3) (1970), which authorizes civil actions to "redress the deprivation, under color of

---

2. The plaintiffs' second claim, that defendant Way's actions were in violation of the express terms of the statute, 16 V.S.A. § 1161 (1974), may or may not raise a state claim independent of the assault and battery claim.

Since that determination is not material to the rulings herein, the court will reach the issue when it reaches the assault and battery claim on its merits.

any State law . . . of any right . . . secured by the Constitution of the United States." It is not necessary to convene a three-judge court to pass on this initial question of jurisdiction. *Ex parte Poresky*, 290 U.S. 30, 31–32, 54 S.Ct. 3, 78 L.Ed. 152 (1933). Section 1343(3) confers jurisdiction to entertain the constitutional claims only if they are of sufficient substance to support federal jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Over the years the Supreme Court:

> "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 [24 S.Ct. 553, 557, 48 L.Ed. 795] (1904); 'wholly insubstantial,' *Bailey v. Patterson*, 369 U.S. 31, 33 [82 S.Ct. 549, 550–551, 7 L.Ed.2d 512] (1962); 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 [30 S.Ct. 326, 327, 54 L.Ed. 482] (1910); 'plainly insubstantial,' *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 [53 S.Ct. 549, 550, 77 L.Ed. 1062] (1933); or 'no longer open to discussion,' *McGilvra v. Ross*, 215 U.S. 70, 80 [30 S.Ct. 27, 31, 54 L.Ed. 95] (1909)."

*Hagans v. Lavine, supra,* at 536–537, 94 S.Ct. at 1378.

> "The limiting words 'wholly' and 'obviously' have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial . . . ." *Goosby v. Osser,* 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36 (1973).

The defendants contend that a prior decision of this court, *Gonyaw v. Gray*, 361 F.Supp. 366 (D.Vt.1973), renders the plaintiffs' claims frivolous. In that case this court dismissed two corporal punishment complaints for failure to state a claim upon which relief can be granted.[3] There one twelve year old student claimed he was hit several times across the buttocks with a belt, and the other twelve year old plaintiff claimed that he was struck in the face by his mathematics instructor. This court cited Judge Feinberg's observation that:

> " '. . . [I]n cases of minor discipline, particularly, parent, student, and administrator should remember that substitution of common sense for zealous adherence to legal positions is not absolutely prohibited.' *Farrell v. Joel,* 437 F.2d 160, 163 (2nd Cir. 1971)." *Gonyaw, supra,* at 371.

Neither of the complaints in that instance claimed the kind of excessive and severe administration of corporal punishment in the instant complaint, and which was demonstrated in *Melen v. McLaughlin,* 107 Vt. 111, 176 A. 297

---

3. The distinction between the jurisdictional inquiry here and the *Gonyaw* ruling that the plaintiffs' complaints failed to state a claim is significant:
   "Jurisdiction . . . is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on [its] merits, not for want of jurisdiction."
   *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) (citations omitted). Here the court finds jurisdiction but does not reach the constitutional issues on the merits, as it did in *Gonyaw,* for the reasons which follow.

(1934). The allegations of the present complaint preclude its characterization as a "case of minor discipline."

In *Gonyaw*, it was concluded that the complaints did not make out a claim that the statute, 16 V.S.A. § 1161 (1974), violated the Eighth Amendment proscription against cruel and unusual punishment. *Id.* at 368. Here, the plaintiffs challenge not only the statute on Eighth Amendment grounds, but allege, without regard to the statute, that the punishment inflicted deprived the plaintiffs of rights secured by the Eighth Amendment. In *Gonyaw* this court held that the challenged statute did not offend the Eighth Amendment for the reason that the cruel and unusual punishment clause of this Amendment limits punishment imposed for criminal violations, citing *Powell v. Texas*, 392 U.S. 514, 531–532, 88 S.Ct. 2145, 2154, 20 L.Ed.2d 1254 (1968). The court went on to hold that since neither plaintiff was punished for an offense which was criminal in nature, the Eighth Amendment did not proscribe the conduct assigned to these defendants. *Id.* at 368.

Mr. Justice Marshall wrote in *Powell* "The primary purpose of that (Cruel and Unusual Punishment) clause has always been considered, and properly so, to be directed at the method or kind of punishment imposed for the violation of criminal statutes; the nature of the conduct made criminal is ordinarily relevant only to the fitness of the punishment imposed."

Beyond its primary purpose, the Eighth Amendment "must draw its meaning from evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958).

■ The statute, as written, does not of itself offend the Cruel and Unusual Punishment Clause, since it permits only resort ". . . [T]o any reasonable form of punishment, including corporal punishment, and to any reasonable de-gree, for the purpose of securing obedience . . . or maintaining order in and control of such school." *Gonyaw, supra,* at 368. That is not to say the statute as applied may not result in punishment that is both cruel and unusual within the proscription of the Eighth Amendment according to the severity of the punishment administered in the circumstances of a particular case. *Ingraham v. Wright*, 498 F.2d 248, 263 (5th Cir. 1974); *Bramlet v. Wilson*, 495 F.2d 714, 717 (7th Cir. 1974).

■ Here, it is clear that the plaintiffs' complaint formally alleges a deprivation, under color of state law, of constitutional rights. This court cannot say under these facts that the plaintiffs' Eighth Amendment claim is so "wholly insubstantial" as to divest this court of jurisdiction. Accordingly, the court finds that it has jurisdiction under 28 U.S.C. § 1343(3) to entertain the plaintiffs constitutional and pendent state claims.

■ 16 V.S.A. § 1161 (1974) provides that:

"A teacher or principal of a school or a superintendent or a school director on request of and in the presence of the teacher, may resort to any reasonable form of punishment, including corporal punishment, and to any reasonable degree, for the purpose of securing obedience on the part of any child enrolled in such school, or for his correction, or for the purpose of securing or maintaining order in and control of such school." V.S.1947, § 4326. P.L. § 4262. G.L. § 1263. 1915, No. 64, § 66. 1912, No. 75, § 13.

It is established in Vermont that "a school-teacher has the right, when necessary to maintain discipline, moderately to chastise his pupils; but, if the punishment is excessive or improper, the teacher is guilty of an assault and battery." *Melen v. McLaughlin,* 107 Vt. 111, 115, 176 A. 297, 299 (1934); *see also Lander v. Seaver,* 32 Vt. 114, 123–

124 (1859). The language of the statute permits resort only to reasonable forms of punishment, within the bounds of moderation, and free from any element of cruelty. *Gonyaw, supra*, at 368. The statute is merely declaratory of the prevailing law of tort liability on the subject of corporal punishment in the schools of the country. *Id.*

In *Gonyaw* this court held that where an administered punishment bears a closer relation to assault than to a considered act of discipline, an adequate remedy exists within the Vermont courts under 16 V.S.A. § 1161 (1974). According to the factual allegations of this complaint, the punishment inflicted on the plaintiff bears a closer relation to assault than to a considered act of discipline. The plaintiffs' complaint states a cause of action under Vermont law for assault and battery. The plaintiffs' allegations that defendant Way's kicks caused "severe bruises" to Michael's abdomen, back and legs is analogous to the *Melen* fact situation. In *Melen*, a Vermont jury found a public school teacher guilty of assault and battery for striking an eleven year old girl in the area of her kidney with the edge of an arithmetic book, causing a muscle spasm in her back. Under *Melen* and *Gonyaw* both Michael and his mother have an adequate remedy at state law for money damages.

Since the court has jurisdiction over the constitutional claims under 28 U.S.C. § 1343(3), the court may entertain pendent jurisdiction over the state statutory claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Pendent jurisdiction over state claims has been described as a doctrine of discretion not to be routinely exercised without considering the advantages of judicial economy, convenience and fairness to the litigants. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* at 726. *Hagans v. Lavine, supra* 415 U.S. at 545, 94 S.Ct. at 1383. Here, since a state claim is raised under established state law, there would be no less fairness to the litigants trying the dispositive underlying factual claims in federal, rather than state court. Comity considerations are, therefore, not controlling, and judicial economy is served by maintaining all of the federal and state claims in the same forum. Because here the state claims may be dispositive in that they provide the plaintiffs with an adequate remedy for money damages under state law, the court will proceed to the state claims first. This may make it unnecessary to decide the plaintiffs' federal constitutional claims. In *Siler v. Louisville & Nashville R. Co.*, 213 U.S. 175, 29 S.Ct. 451, 455, 53 L.Ed. 753 (1909), the United States Supreme Court held that:

> "Where a case in this court can be decided without reference to questions arising under the Federal Constitution, that course is usually pursued and is not departed from without important reasons. In this case we think it much better to decide it with regard to the question of a local nature, involving the construction of the state statute and the authority therein given to the commission to make the order in question, rather than to unnecessarily decide the various constitutional questions appearing in the record." *Id.* at 193, 29 S.Ct. at 455.

The Supreme Court has characteristically dealt first with possibly dispositive state law claims pendent to federal constitutional claims. *Hagans, supra* at 546, 94 S.Ct. 1372, and cases cited therein. Numerous decisions of the Supreme Court have stated the general proposition endorsed in *Siler* that a federal court properly vested with jurisdiction may pass upon the state or local law question without deciding the federal constitutional issues—and have then proceeded to dispose of the case

solely on the non-federal ground. *Id.* at 547, n. 12, 94 S.Ct. 1372, and cases cited therein.

▪ Because the court will first proceed on the merits of the state claims, it may be unnecessary to reach the plaintiffs' constitutional claims, thereby obviating the need to convene a three-judge court. *Hagans, supra* at 543–545, 94 S.Ct. 1372. *See Philbrook v. Glodgett,* — U.S. —, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975).[4] Additionally, because Michael has been transferred from the Longfellow School and is no longer under the supervision of defendant Way, the plaintiff's prayer for injunctive relief against defendant Way is moot.

▪ Defendant Chesley is dismissed under Fed.R.Civ.P. 12(b)(6). The plaintiffs do not allege, nor could they allege under the facts as recited in the complaint, that Chesley is liable under the pendent state claims. They do not allege that Chesley acted in bad faith, therefore he is immune from the plaintiffs' § 1983 damage claim. *See Wood v. Strickland,* 420 U.S. 308, 95 S. Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The plaintiffs' claim for declaratory and injunctive relief does not present a "case of actual controversy" within the meaning of 28 U.S.C. § 2201 (1970). The failure of the Superintendent to promulgate limiting regulations for 16 V.S.A. § 1161 (1974) cannot be responsible for the alleged actions of defendant Way, which, if proved, would make out violations of the statute in two respects—unreasonable punishment and failure to request the teacher's permission.

· If the factual evidence at trial arguably can support the conclusion that defendant Way's actions were legal under the statute, but would have been illegal

under the plaintiffs' proposed limiting regulations, then the court will entertain a motion to rejoin Mr. Chesley. However, at this time, the plaintiffs' complaint against Mr. Chesley does not demonstrate a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Zwickler v. Koota,* 389 U.S. 241, 244 at n. 3, 88 S.Ct. 391, 19 L. Ed.2d 444 (1967). It is ordered:

*That the defendant Chesley's motion to dismiss is granted.*

*That the defendant Way's motion to dismiss is denied.*

*That the plaintiffs' motion to convene a three-judge court is denied.*

*That the plaintiffs' claims for declaratory and injunctive relief are moot.*

---

4. Testimony adduced at the hearing on the motion to dismiss indicates that the statute, as it relates to corporal punishment, is not of statewide application since numerous school districts have adopted local regulations which limit § 1161. This is an additional reason why it is unnecessary to convene a three-judge court. *See Moody v. Flowers,* 387 U.S. 97, 101–102, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967).