AINSWORTH, Circuit Judge,
dissenting:
I believe the district judge committed reversible error in granting the motion to dismiss the present suit on the basis of the barebone pleadings of plaintiffs, without granting a trial on the allegations of the complaint as amended. I would accordingly require a trial of the merits of the case and remand the matter with directions to the district judge to proceed expeditiously, receive evidence from the witnesses, and give full consideration to the issues involved. For that reason, I respectfully dissent from the majority per curiam opinion.
In this class action brought under the Civil Rights Act (42 U.S.C. § 1983), plaintiffs allege deprivation of their rights under the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, in that the Louisiana state agency defendants in charge of the operation of the Superdome, an enclosed indoor stadium and public building .in New Orleans, permit smoking therein during the stag’ng of public events. Plaintiffs seek injunctive relief against the defendants on the allegations of their complaint, the key provisions of which read as follows:
“7.
“Plaintiffs are non-smokers. On the occasions when they attend events in the Superdome as paid invitees, they suffer great physical, mental and emotional distress, illness and discomfort which impairs their health, safety and ability to enjoy said events as a direct result of noxious, ill-smelling and harmful smoke and fumes generated, discharged and trapped in the air of the Superdome by those patrons who smoke cigarettes, and other tobacco substances.
“8.
“Notwithstanding requests from numerous patrons and medical authorities, the defendant has failed and refused to prohibit smoking in the Superdome, having knowledge that smoking interferes with the health, safety and ability of the plaintiffs and all non-smoking patrons to enjoy the events for which they paid the price of admission to witness in safety and free from unnecessary exposure to the serious health hazards created by smoking in the Superdome.
“9.
“The Surgeon General of the United States has determined, and scientific investigation has confirmed, that smoking is dangerous to the health of the smoker himself and the non-smoker who becomes subject to the inhalation of the side-stream and mainstream smoke emitted by burning tobacco.
“10.
“The defendant’s wanton disregard for the health, safety and comfort of plaintiffs and all other non-smoking patrons of the Superdome has caused, and will continue to cause, plaintiffs to be unwilling, passive and involuntary smokers by proximity, thereby subjecting them to loss of health, comfort and ability to enjoy the events at the Superdome for which they paid the price of admission to witness.
“11.
“Smoking in the Superdome interferes with plaintiffs’ rights of self-preservation; to be let alone, to be free from injury; and to be free from exposure to and involuntary consumption of hazardous smoke fumes, all of which rights, *900 privileges and immunities are guaranteed and secured to them by the Fifth, Ninth and Fourteenth Amendments to the United States Constitution.”
In the request for oral argument in their brief to this Court, plaintiffs state:
“The Constitutional issues raised in this appeal are of the highest magnitude. They concern the most basic and fundamental rights that any government can confer upon the governed — the right to life itself, the right of bodily integrity; the right to be let alone, the right of self-preservation; the right to be free from injury.
“Without the fullest protection of these rights, all other rights, privileges and immunities secured to the people by the Constitution become meaningless.”
In the statement of the case in their brief they say:
“Plaintiffs contend that under the Constitutional Amendments cited above, they have the right to be let alone; the right of privacy; the right to be free from the unnecessary exposure to life-threatening and disease-causing gases and fumes in a public facility; the right to be free from injury in a public facility; the right to receive information and ideas in a public facility unfettered by the dangerous precondition that they inhale tobacco smoke against their will; the right of bodily integrity.”
In considering a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the well-pleaded allegations of facts must be accepted as true. Mannings v. Board of Public Instruction of Hillsborough County, Florida, 5 Cir., 1960, 277 F.2d 370, 372. Also, most pertinent hereto is the principle of law established by the Supreme Court in the leading case of Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), as follows:
“In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief.” (emphasis supplied)
This Court has made it clear that a motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted, Madison v. Purdy, 5 Cir., 1969, 410 F.2d 99, 100, and that “[djismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate.” International Erectors, Inc. v. Wilhoit Steel Erectors and Rental Serv., 5 Cir., 1968, 400 F.2d 465, 471; Barber v. Motor Vessel “Blue Cat,” 5 Cir., 1967, 372 F.2d 626, 627.
In their brief plaintiffs state:
“Plaintiffs contend that the tobacco smoke they are forced to inhale causes them physical injury, and discomfort and further subjects them to the same health hazards to which smokers themselves are subjected, namely, cancer, heart disease, stroke, emphysema, chronic bronchitis (all life-threatening illnesses), as well as a myriad of other ailments, discomforts and impairment of normal bodily functions. Plaintiffs have marshaled scientific evidence to support their claims and will be prepared to make such evidence a matter of judicial record on the trial of the merits of this case; and the defendants will have the opportunity to rebutt [sic] such evidence if they can.”
The allegations in plaintiffs’ pleadings and the contentions which they assert must be measured as to a motion to dismiss against the test which the Supreme Court has established in Goosby v. Oser, 409 U.S. 512, 518, 93 S.Ct. 854, 858-59, 35 L.Ed.2d 36 (1973), as follows:
“ ‘Constitutional insubstantiality’ for this purpose has been equated with such concepts as ‘essentially fictitious,’ Bailey v. Patterson, 369 U.S. [31] at 33, 82 S.Ct. [549] at 551 [7 L.Ed.2d 512] ‘wholly insubstantial,’ ibid; ‘obviously frivolous,’ Han-nis Distilling Co. v. Baltimore, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); and ‘obviously without merit,’ Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4-5, 78 L.Ed. 152 (1933). The limiting words ‘wholly’ and ‘obviously’ have cogent legal significance. In the context of *901 the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if ‘ “its un-. soundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.” ’ ” (emphasis added)
Since I do not believe that on the state of this record, looking only to plaintiffs’ pleadings, and without having a trial on the merits, that “it appears beyond doubt” that plaintiffs can prove no set of facts to support their claim, or that the constitutional allegations are “essentially fictitious,” “wholly insubstantial,” or “obviously frivolous,” I would give the plaintiffs the opportunity to show what they can in support of their allegations and contentions. Dismissal of the suit at this stage was therefore erroneous.