Cheryl Anne CROSBY, an infant who sues by her mother and next friend, Ruthanne CROSBY; Andrea D. Anderson, an infant who sues by her mother and next friend, Dolores E. Anderson; Tracy Lynn Cabral, an infant who sues by her mother and next friend, Janet Eileen Cabral; Louis C. Frank, III, an infant who sues by his father and next friend, Louis C. Frank, Jr.; Margaret Ruth Powell, an infant who sues by her father and next friend, Richard A. Powell, Sr.; Robert Joseph Reed, an infant who sues by his father and next friend, Richard Smith; Mary Lou Curtis; Lynda L. Eichelis; William E. Munday, Plaintiffs-Appellants,

v.

Harry F. HOLSINGER, Principal, Fairfax High School, Defendant-Appellee.

No. 86–1140.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1987.

Decided April 21, 1987.

William Arthur Beeton, Jr., Fairfax, Va. on brief for plaintiffs-appellants.

Randolph W. Church, Jr., Fairfax, Va. (Thomas J. Cawley, Grady K. Carlson, Joseph W. Conroy, Hunton & Williams, Fairfax, Va. on brief) for defendant-appellee.

Before SPROUSE and ERVIN, Circuit Judges, and KAUFMAN, United States District Judge for the District of Maryland, sitting by designation.

ERVIN, Circuit Judge:

This case arose on appeal before any facts were found by the court below and even before the parties had engaged in much investigation of their own. The following sketch, then, is based on the pleadings, briefs and oral arguments and is intended only to outline the issues before the court, not to settle any factual disputes that may exist. The action was dismissed sua sponte by the district court at a hearing on a request for a preliminary injunction. In this procedural posture, the plaintiffs are entitled to the court's most liberal reading of the allegations in their complaint. *Cf. Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982) (case should not be dismissed for failure to state a claim on which

relief can be granted "so long as a plaintiff colorably states facts which, if proven, would entitle him to relief").

Fairfax High School, in Fairfax, Virginia, has long used as its school mascot and logo the figure of "Johnny Reb," a caricature of the emblematic Confederate soldier. In 1978 the student body agreed to change the logo and use a blue and gray version of the Confederate flag, rather than the red, white and blue Confederate battle flag, along with the caricature of "Johnny Reb," but otherwise the same symbols had been in use since the 1930s. The athletic teams of Fairfax High are known as the "Rebels"; the drill team is called the "Confederettes." The high school is located near the sites of many famous battles of the Civil War.

In February, 1986, appellee Holsinger, the principal of Fairfax High, announced his decision to ban the "Johnny Reb" logo. He later offered the student body the opportunity to choose a new logo, as long as the choice was free of references to Confederate soldiers. This decision arose out of meetings between the principal and black students at the school. The black students undoubtedly viewed the Confederate symbols as a persistent affront, given the association between those symbols and the history of slavery in this country. Nevertheless, there was no indication of disruption or violence in the school's history that had been occasioned by the use of "Johnny Reb."

Many students were upset with Holsinger's decision. They organized a petition drive to save the "Johnny Reb" logo, which garnered the signatures of 1100 of the 1500 students at the school and 1000 parents. The student council voted against the change. A protest rally was held; 800 students and parents attended.

The plaintiffs in this case, a group mainly composed of students at the school, sought to encourage a visit en masse to the Fairfax County School Board. Holsinger first denied the students, particularly one Cheryl Crosby, the right to post notices of the school board meeting in the high school; he relented only on the day of the meeting. The plaintiffs allege that students who wore Confederate emblems on their clothes to protest the decision were sent home and told to remove the emblems and that Holsinger attempted to prevent other efforts to rally support for "Johnny Reb."

The plaintiffs filed suit in United States District Court for the Eastern District of Virginia, claiming first and fourteenth amendment violations and asking for a preliminary injunction against Holsinger's banning of "Johnny Reb." At the hearing on the motion for injunctive relief, the district court dismissed the case from the bench, on the ground that it was frivolous. The court later granted a motion from Holsinger for an award of attorneys' fees under Fed.R.Civ.Pro. 11. The plaintiffs were ordered to pay $1800 in attorneys' fees. We now reverse, because the stringent prerequisites for a finding of frivolousness have not been met in this case.

It is within the power of a district court to dismiss a claim sua sponte; federal question jurisdiction requires the presentation of a "substantial" federal question. *E.g., Hagans v. Lavine,* 415 U.S. 528, 537–38, 94 S.Ct. 1372, 1379–80, 39 L.Ed.2d 577 (1974). But "a claim is insubstantial only if ' "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." ' " *Goosby v. Osser,* 409 U.S. 512, 518, 93 S.Ct. 854, 859, 35 L.Ed.2d 36 (1973) (quoting *Ex parte Poresky,* 290 U.S. 30, 31, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933), further quoting *Hannis Distilling Co. v. Baltimore,* 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910)); *see also Vaughns v. Board of Education,* 574 F.Supp. 1280, 1288 (D.Md.1983), *aff'd in part and rev'd in part on other grounds,* 758 F.2d 983 (4th Cir.1985). The test for dismissal under circumstances such as these is, indeed, "a rigorous one and if there is any foundation of plausibility to the claim federal jur-

isdiction exists." 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3564, at 70–71 (1984).

We are presented with no authority, either by counsel for Holsinger or by the district court, that clearly forecloses the plaintiffs' claims in this case. Indeed, other circuit courts have grappled with the putative protected status of Confederate emblems as school symbols in ways that suggest that the plaintiffs' first amendment claim is not frivolous—at least not so frivolous as to foreclose federal jurisdiction. *See Augustus v. School Board*, 507 F.2d 152, 155–56 (5th Cir.1975); *Banks v. Muncie Community Schools*, 433 F.2d 292, 298 (7th Cir.1970). The Supreme Court has not been receptive to schools that prohibit students from wearing items of clothing with political significance. *See Tinker v. Des Moines Independent Community School District*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Nor, we think, would the Court look favorably on a school that forbade its students from posting signs announcing protests at school board meetings, unless such a regulation validly limited the time, place, or manner of the posting of the signs.

It may well be that the speech intended by the students who wore "Johnny Reb" caricatures to Fairfax High was not personal to the students in the way that the black arm bands in *Tinker* indicated a personal aversion to the war in Vietnam. But such distinctions and the factual findings to support them should be developed in the normal litigation process. A dismissal by a district court sua sponte for frivolousness must be buttressed by much stronger authority than is present here; the action must be clearly foreclosed by authoritative precedent or must have such a tenuous connection with a federal question that no possible facts would entitle the plaintiff to relief. Since that is not the case of "Johnny Reb" at Fairfax High, we reverse the dismissal and the award of attorneys' fees.

REVERSED AND REMANDED.