**Eric Antonio TRIPLETT, Plaintiff,**

v.

**ROLLS ROYCE plc, Defendant.**

No. 97–CV–70293.

United States District Court,
E.D. Michigan,
Southern Division.

June 20, 1997.

Eric Antonio Triplett, pro se.

Peter M. Alter, Detroit, MI, for Defendant.

## ORDER AND JUDGMENT GRANTING DEFENDANT'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING PLAINTIFF'S CLAIMS

O'MEARA, District Judge.

This matter came before the court on Defendant's March 21, 1997 motion for default judgment. No response was filed. The court heard oral argument on April 24, 1997.

### BACKGROUND

This case concerns a dispute between the parties regarding the Rolls Royce trademark. It appears from the original complaint, filed in Wayne County Circuit Court on November 19, 1996, that plaintiff Triplett is suing Rolls Royce for trademark infringement. The complaint reads in its entirety: "[T]his is for the current amount of $600. I am the bearer of the Rolls Royce trademark and have proof that I was altered to make merchadisable [sic] advertising efforts. I will expect pay without negotiation later I was selected on behalf of the owner."

Defendant filed a timely notice of removal to federal court based on federal question jurisdiction. Defendant also filed an answer and a counterclaim, which alleged that Defendant was the rightful owner of the Rolls Royce trademark and that Plaintiff was unlawfully using its trademarks. After Triplett failed to file an answer to the counterclaim, Rolls Royce sought and received a clerk's entry of default.

### ANALYSIS

A claim should be dismissed if the federal question alleged in the complaint is so "obviously frivolous" or "plainly unsubstantial" that it is manifestly devoid of merit. *Hannis Distilling Co. v. Mayor and City Council of Baltimore,* 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910). The substantiality doctrine as a statement of jurisdiction is a federal rule which has been upheld. *Hagans v. Lavine,* 415 U.S. 528, 538, 94 S.Ct. 1372, 1379–80, 39 L.Ed.2d 577 (1974); *Bell v. Hood,* 327 U.S. 678, 683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

In this case, the complaint is devoid of merit and frivolous. Though Plaintiff has

alleged that he is the bearer of the Rolls Royce trademark, he has not provided any evidence whatsoever to sustain such an allegation. Therefore, though a federal question has been alleged, it is not sufficient to confer subject matter jurisdiction in this case because the federal question is plainly unsubstantial. Thus, this courts lacks subject matter jurisdiction over Plaintiffs claims.

As for Defendant's counterclaim, the court will grant Defendant's motion for default judgment, as Triplett has not and cannot allege any factual information which could be reasonably be proven to invest in him any right to Defendant's trademarks.

Finally, although Defendant has requested attorney fees pursuant to 15 U.S.C. § 1117, the court will not award them in this matter.

### *ORDER*

It is hereby **ORDERED** that Plaintiff's claims are **DISMISSED.**

It is further **ORDERED** that Defendant's motion for default judgment is **GRANTED.**

It is further **ORDERED AND ADJUDGED** that (1) Rolls Royce plc is the rightful owner and holder of the trademarks for the Rolls Royce trademarks at issue in this case, and (2) Eric Triplett is permanently enjoined from using and/or claiming any right, title and/or interest in any one or more of the Rolls Royce plc trademarks at issue in this case.

It is further **ORDERED** that Defendant's request for attorney's fees is **DENIED.**