*842 SENTELLE, Chief Judge,
dissenting:
While the majority’s opinion correctly describes the case before us and correctly identifies the controlling authorities, in my view the controlling authorities lead in the opposite direction than that taken by the majority. In other words, I would reach the same conclusion as the district court and therefore must respectfully dissent.
As the majority correctly notes, the Supreme Court’s most recent pronouncement relevant to the sufficiency of a complaint to meet the notice standard of pleading required by Rule 8 of the Federal Rules of Civil Procedure is Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In Twombly, the Court addressed the sufficiency of the complaint alleging liability under § 1 of the Sherman Act, 15 U.S.C. § 1, which “requires a ‘contract, combination ..., in restraint of trade or commerce.’ ” Twombly, 550 U.S. at 544, 127 S.Ct. at 1961. In that case, the Supreme Court considered specifically “whether a § 1 complaint can survive a motion to dismiss when it alleges that major telecommunications providers engaged in certain parallel conduct unfavorable to competition, absent some factual context suggesting agreement, as distinct from identical, independent action.” Id. The Court “h[e]ld that such a complaint should be dismissed.” Id.
The immediate question concerning the application of Twombly to the case before us is one posed by the Twombly dissent:
Whether the Court’s actions [in Twom-bly ] will benefit only defendants in antitrust treble-damages cases, or whether its test for the sufficiency of a complaint will inure to the benefit of all civil defendants, is a question that the future will answer.
Id. at 1988 (Stevens, J., dissenting).
As the majority seems to agree, nothing in the reasoning of the Court in Twombly suggests that its applicability is limited to antitrust litigation. Justice Souter for the Court engages in an analysis of Civil Rules jurisprudence that seems to apply to all litigation under the Rules, without limitation to the specific sort of litigation then before the Court. The gist of the Court’s view is illuminated in a footnote to the majority’s opinion responsive to the dissent.
The dissent greatly oversimplifies matters by suggesting that the Federal Rules somehow dispensed with the pleading of facts altogether. While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant “set out in detail the facts upon which he bases his claim,” Rule 8(a)(2) still requires a “showing,” rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only “fair notice” of the nature of the claim, but also “grounds” on which the claim rests. [The Rule] “contemplate^] the statement of circumstances, occurrences, and events in support of the claim presented” and does not authorize a pleader’s “bare averment that he wants relief and is entitled to it.”
Id. at 1965 n. 3 (citations omitted) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added by Twombly), and 5 WRIght & MilleR § 1202, at 94). This analysis is not limited by the Court to one type of litigation subject to the Rules, but would appear to apply to all such litigation.
Rule 8(a) expressly establishes the following general rules of pleading:
Claim for Relief. A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court’s jurisdiction, unless the court already has jurisdiction *843 and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
The Twombly Court goes on to note “[t]he need at the pleading stage for allegations plausibly suggesting” the elements of the underlying theory of relief. 127 S.Ct. at 1966. This plausibility standard applied by the Court “reflects the threshold requirement of Rule 8(a)(2) that the ‘plain statement’ possess enough heft to ‘sho[w] that the pleader is entitled to relief.’ ” Id. The applicability of this plausibility standard to litigation outside the Sherman Act context is established by the Twombly Court’s further analysis in its reference to the “practical significance of the Rule 8 entitlement requirement.” Id. The Court relies upon Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), wherein it had explained “that something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with ‘a largely groundless claim’ be allowed to ‘take up the time of a number of other people, with the right to do so representing an in terro-rem increment of the settlement value.’ ” Twombly, 127 S.Ct. at 1966 (quoting Dura Pharmaceuticals, 544 U.S. at 347, 125 S.Ct. 1627) (other citations omitted). That said, the Court concluded that “ ‘a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.’ ” Twombly, 127 S.Ct. at 1967 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528 n. 17, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)). That same concern, in my view, animates the need for the ability of the district court to reject an implausible claim against the United States in, for example, the constitutional rights and national security area such as the case before us. Therefore, Twombly commands, I think sensibly, that the district court should be permitted to dismiss a complaint resting on implausible expressions of information and belief such as the one before us today as not stating a justiciable controversy, or otherwise put, a claim for relief.
I recognize, as the majority correctly notes, that we analyzed Twombly in Ak-tieselskabet AF 21. November 2001 v. Fame Jeans, Inc., 525 F.3d 8 (D.C.Cir.2008). Therein we held that “Twombly leaves the long-standing fundamentals of notice pleading intact.” Id. at 15. I must agree that Twombly does not set some new standard of pleading, but I do believe that it reiterates a longstanding plausibility doctrine. Even before Twombly, courts could dismiss cases for lack of jurisdiction if the cases are “patently insubstantial.” Neitzke v. Williams, 490 U.S. 319, 327 n. 6, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); see also Hagans v. Lavine, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Likewise, the court could enter such dismissal when the case is “obviously frivolous,” Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288, 30 S.Ct. 326, 54 L.Ed. 482 (1910). I further recognize that complaints can be based on “information and belief.” I do not, however, think that in light of Twombly and the other cited authorities that “information and belief’ can be a fanciful, paranoid, or irrational belief based on nothing more than the plaintiffs internal belief structure and still be sufficient to subject a defendant, or in this case the taxpayers, to the costs and burdens of litigation. Toole/s allegations are of this sort.
Tooley would have us hold that he has adequately alleged unlawful wiretapping of an entire extended family, including at least nine separate phone lines based on *844 no apparent source of belief other than “problematic phone connections, including telltale intermittent clicking noises.” I note in passing that there is no reason to believe that wiretaps even cause problematic connections or intermittent clicking sounds. Indeed, if this were the case, wiretaps would hardly have proved to be the useful tool they have in both criminal law enforcement investigations under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, §§ 2510-2520, Pub.L. No. 90-351, or national security under the Foreign Intelligence Surveillance Act, 50 U.S.C. §§ 1801-1862. However, even if plaintiff were correct in that supposition, he offers no basis for his “belief’ that the taps, even if they occurred, were done illegally by the defendants named in the complaint.
The rest of his allegations are based on similar fanciful beliefs. As the majority notes, he interprets the presence of a black Crown Victoria in the vicinity of his home in the time surrounding a presidential visit in the same geographic area to mean that he is under an unlawful surveillance. While I readily concur that black Crown Victorias are often used by law enforcement, I cannot conclude that Tooley’s alleging (by affidavit rather than in the complaint) that one such vehicle was in the vicinity of his residence is a plausible allegation that an unlawful surveillance of him by the defendants has occurred.
Plaintiffs allegations concerning airport searches and his conclusion concerning “watch lists” based on such searches add nothing to the sufficiency of this complaint. Stripped of his conclusory adjectives and adverbs, his allegations say that he has been searched or detained at airports. It is unlikely that anyone who flies with any frequency has not. If there is anything unconstitutional about any particular search to which he has been subjected, then he should allege the facts that demonstrate its unconstitutionality. On the face of the complaint, he has not done so. If his allegations concerning airport searches were sufficient, I venture to say that many members of this court could file a similarly sufficient complaint.
In short, I would apply the plausibility doctrine illuminated by the Supreme Court’s opinion in Twombly and conclude that the district court correctly dismissed the complaint. I would affirm, and therefore I must respectfully dissent.