Keith MOE and Joanne Moe, individually and on behalf of their minor children, Billie, Brian, and Roberta Moe, Appellants,

v.

BROOKINGS COUNTY, SOUTH DAKOTA, Appellee.

No. 80–2111.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1981.

Decided Oct. 2, 1981.

---

1. The Honorable Elsijane T. Roy, United States District Judge, Eastern District of Arkansas.

John D. Wagner, argued, East River Legal Services, Brookings, S.D., for appellants.

Mark V. Meierhenry, Atty. Gen., LeAnn Larson Finke, Mark W. Barnett, argued, Asst. Attys. Gen., Pierre, S.D., Clyde R. Calhoon, Brookings County State's Atty., Brookings, S.D., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and HANSON,* Senior District Judge.

ARNOLD, Circuit Judge.

The Moe family brought this action under 42 U.S.C. § 1983, alleging a violation of the Due Process Clause of the Fourteenth Amendment by reason of the failure of Brookings County, South Dakota, to administer the County Poor Relief program, S.D. C.L. §§ 28–13–1 et seq. (1976 & Supp.1980), in accordance with written, objective, and ascertainable standards. Plaintiffs sought declaratory, injunctive, and compensatory relief. Seven days after the action was commenced and prior to any response or appearance by defendant, Brookings County, the District Court entered the following order:

> It appears to the Court that Plaintiffs basically allege a violation of their fourteenth amendment rights to due process. Plaintiffs claim that the County of Brookings has failed to provide them with due process in that the county has no written, objective, or ascertainable standards for the administration of county poor relief funds. It further appears to this Court that abstention by this Court in this case is proper so as to avoid needless conflict with the administration by the State of South Dakota of its own affairs. Therefore, it is
>
> ORDERED that this Court shall abstain from further action in this case.

*Keith Moe v. Brookings County, South Dakota*, No. 80–4188 (D.S.D. Nov. 20, 1980).

Plaintiffs now appeal, claiming that no sufficient ground exists for the federal

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

courts to abstain from the exercise of the jurisdiction that Congress has conferred upon them, 28 U.S.C. § 1343. We agree and reverse.

### I.

The complaint (which is virtually all we have before us) alleges that Keith and Joanne Moe are husband and wife and have three children, ages five, three, and two. They have been residents of Brookings County, South Dakota, since August of 1977, and presently live in the City of Brookings. Except for a part-time janitorial job that lasted one month, Mr. Moe has been unemployed since April of 1980. The assets of the Moe family consist of a 1974 Chevrolet, a 1971 Ford which is inoperable, and miscellaneous personal property valued at approximately $500.00.

South Dakota requires counties to relieve and support poor residents under what is referred to as the County Poor Relief program. The county commissioners of each county have the primary responsibility of administering the program, pursuant to S.D.C.L. § 28–13–16 (Supp.1980), which provides:

> *County commissioners to have oversight and care of poor persons.* The county commissioners in each county shall have the oversight and care of all poor persons in the county so long as those persons remain a county charge, and shall see that those persons are properly relieved and taken care of in the manner provided by law, and shall perform all the duties with reference to such poor persons that may be prescribed by law. The commissioners may designate a county official to assist in the coordination of poor relief information with other counties.

1. S.D.C.L. § 28–13–1 (Supp.1980), under which plaintiffs made their application, provides as follows:

> *County duty to relieve poor persons—Taxation—Determination of eligibility.* Every county shall relieve and support all poor and indigent persons who have established residency therein, as that term is defined in §§ 28–13–2 to 28–13–16.2, inclusive, and who

The complaint further alleges the following facts: Plaintiffs have applied to the county commissioners for relief on several occasions.[1] By letter to the Board of Commissioners of May 15, 1980, Mrs. Moe requested assistance for herself and her children. She received no response. Next a staff attorney of the East River Legal Services Corporation wrote a letter on behalf of the Moes to the Brookings County State Attorney, with copies to all county commissioners and to the county auditor, requesting assistance as well as guidelines pertaining to eligibility. Again there was no response. After another request from the same staff attorney that was met with no response, Mr. Moe on August 28, 1980, requested an appearance before the Board of Commissioners. He was granted an appearance before the Board on September 4, at which time he outlined his financial condition. Mr. Moe was admonished for what the Board regarded as his wife's mismanagement of their food budget, and was told he would receive no relief if the Board learned that he had been in any of the town's bars. At this meeting the Moes were awarded $100, which was later paid directly to their landlord.

In October 1980, Mr. Moe again appeared before the commissioners. They agreed to pay the Moes' landlord another $100 for one month's rent. Mr. Moe was also advised that this was the last time he could expect assistance. When he again spoke with the county auditor's office on November 7, 1980, he was told that no relief request could be tendered until the November 20 meeting of the Commission. Soon after the Moes filed this lawsuit.

### II.

Within a week of the commencement of this action, the District Court abstained *sua*

have made application to the county, whenever they shall stand in need. Each board of county commissioners may raise money by taxation for the support and employment of the poor. If a person is receiving benefits from the department of social services, the board of county commissioners may determine if he is eligible for county relief.

*sponte,* citing a need to "avoid needless conflict with the administration by the State of South Dakota of its own affairs." The county makes two principal arguments in support of the District Court's action. For the reasons set forth below, we agree with neither. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976).

The first basis for abstention advanced by the defendant county in support of the court's order has its origins in the case of *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). *Pullman* requires a federal court to refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds. The present case does not fall within this category of abstention. The state law in question is not unclear, nor is it fairly susceptible of an interpretation that would avoid the need for a decision on constitutional grounds.[2] It is plain from a reading of the statutory scheme that the availability of assistance under the program is completely within the discretion of the county commissioners.[3] This lack of standards is precisely the circumstance that plaintiffs claim entitles them to relief. See *White v. Roughton,* 530 F.2d 750 (7th Cir. 1976); *Baker-Chaput v. Cammett,* 406 F.Supp. 1134 (D.N.H.1976). Resolution of this suit may adversely affect the "administration by the State of South Dakota of its own affairs," but this by itself has never been a sufficient basis for application of the *Pullman* doctrine.[4] "Where there is no ambiguity in the state statute, the federal court should not abstain but should proceed to decide the federal constitutional claim." *Wisconsin v. Constantineau,* 400 U.S. 433, 439, 91 S.Ct. 507, 511, 27 L.Ed.2d 515 (1971).

The county next argues that abstention of the type ordered in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), is applicable here. In *Burford* the Supreme Court ordered abstention because review by the federal courts would be disruptive of a complex state regulatory scheme that provided for an elaborate review system through specialized agencies and specialized state courts. Such is not the case here. Although S.D.C.L. § 28–13–40 provides for an appeal to the State Circuit Court of any decision of the Board of County Commissioners, this remedy does not involve a complex regulatory scheme or system of review like that in *Burford.* Abstention is not appropriate "merely because a State court could entertain [the suit]." *Alabama Public Service Commission v. Southern R. Co.,* 341 U.S. 341, 361, 71 S.Ct. 762, 774, 95 L.Ed. 1002 (1951) (Frankfurter, J., concurring).

---

2. In *George v. Parratt,* 602 F.2d 818, 820–22 (8th Cir. 1979), we listed five factors to be considered when deciding whether to apply the *Pullman* abstention doctrine. The five are as follows: (1) what effect abstention will have on the rights to be protected, (2) whether there are available state remedies, (3) whether the challenged state law is unclear, (4) whether the challenged state law is fairly susceptible of an interpretation that would avoid the federal constitutional question, and (5) whether abstention will avoid unnecessary federal interference in state operations.

3. *E. g.,* S.D.C.L. § 28–13–16 provides that the county commissioners "shall have the oversight and care of all poor persons . . . ."

Section 28–13–16.1 is entitled "Waiting period imposed at board's discretion while residency investigated."

Section 28–13–23, which provides for annual payments to "competent poor persons," reads in part

[t]he board of county commissioners may in its discretion allow and pay to poor persons who may become county charges . . . .

Section 28–13–38 provides for temporary relief to nonresidents. It reads:

Whenever any person entitled to temporary relief as a poor person shall be in any county in which he has not established residency, the commissioners thereof may, if the same is deemed advisable, grant such relief . . . .

4. In *Zablocki v. Redhail,* 434 U.S. 374, 380 n. 5, 98 S.Ct. 673, 677 n. 5, 54 L.Ed.2d 618 (1978), the Supreme Court said that "there is, of course, no doctrine requiring abstention merely because resolution of a federal question may result in the overturning of a state policy."

### III.

Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion. We of course intimate no view on the merits of plaintiffs' Fourteenth Amendment claim.