NATHANIEL ROBINSON, APPELLEE, V. CITY OF OMAHA, NEBRASKA,
A MUNICIPAL CORPORATION, APPELLANT.

495 N.W.2d 281

Filed February 12, 1993.   No. S-90-450.

Herbert M. Fitle, Omaha City Attorney, and Kent N. Whinnery for appellant.

· Thomas F. Dowd, of Thomas F. Dowd & Associates, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ., and HOWARD, D.J., Retired.

HOWARD, D.J., Retired.

This is an appeal from the district court for Douglas County's award of attorney fees under 42 U.S.C. § 1988 (1988), the Civil Rights Attorney's Fees Awards Act of 1976, which authorizes such an award to a plaintiff who prevails in a civil rights claim recognized by 42 U.S.C. § 1983 (1988), and it involves the question of whether a fee is allowable when relief was granted on a ground other than the violation of a civil right and absent a claim under § 1983.

The plaintiff, Nathaniel Robinson, a custodial employee of

the City of Omaha, filed for candidacy for an elective position on the Board of Directors of the Omaha Public Power District. Thereafter, the City of Omaha notified him that his candidacy violated § 6.11 of the Omaha home rule charter, and as a result, he was given three options: (1) take a leave of absence, (2) withdraw his candidacy, or (3) resign his employment. Section 6.11 provides, in relevant part:

> Any non-elective officer or employe in the city service who seeks nomination or becomes a candidate for any elective office in any public body, except to serve as a delegate or alternate to caucuses or conventions of political parties, shall immediately forfeit his position in the city service; provided, however, nothing in this section shall prohibit a non-elective officer or employe from seeking nomination or becoming a candidate for any elective office in any public body who first shall have received a leave of absence from the city service, approved by his or her department head and the Personnel Board of the City of Omaha.

Substantially the same restriction is found in the Omaha Municipal Code, specifically at § 23-7(b).

Instead of selecting an option, Robinson filed suit in the U.S. District Court for the District of Nebraska, alleging two causes of action. In his first cause of action, he alleged that the pertinent provisions of the Omaha home rule charter and the Omaha Municipal Code violated his constitutional rights under § 1983. His second cause of action was brought as a state pendent claim, wherein the applicable charter and code provisions were alleged to have violated Neb. Rev. Stat. § 20-160 (Reissue 1991), which reads in part: "Unless specifically restricted by a federal law or any other state law, no employee of the state or any political subdivision thereof . . . shall be prohibited from participating in political activities except during office hours or when otherwise engaged in the performance of his or her official duties."

Following trial, the U.S. District Court dismissed the action on a finding that the provisions were not constitutional violations. The court declined, however, to pass upon the state pendent claim. Robinson thereupon perfected an appeal to the

U.S. Court of Appeals for the Eighth Circuit, which vacated the district court's order of dismissal and remanded the cause to the district court with directions to abstain from further proceedings " 'pending the disposition of state-law issues in the state courts.' " *Robinson v. City of Omaha, Neb.*, 866 F.2d 1042, 1045 (8th Cir. 1989). Robinson then sought a determination of the applicability of the state law on which his second cause of action was premised by filing with this court a request for certification of law from the U.S. District Court. This court declined to hear the request, whereupon Robinson filed his petition with the district court for Douglas County, Nebraska, challenging the Omaha charter and code provisions as being in violation of § 20-160. On Robinson's motion for summary judgment, the state district court found the challenged provisions to be in conflict with § 20-160 and thus unenforceable. No appeal was taken from this order. The district court awarded plaintiff $7,637.50 in attorney fees upon his application made by virtue of § 1988. As amended in 1991, 42 U.S.C.A. § 1988 (Cum. Supp. 1992) provides in part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The city's assignments of error may be summarized as contending that plaintiff did not prevail on a § 1983, or civil rights, claim. We affirm.

The U.S. Supreme Court, interpreting the legislative history of the act in *Maher v. Gagne*, 448 U.S. 122, 132, 100 S. Ct. 2570, 65 L. Ed. 2d 653 (1980), has ruled that a plaintiff prevailing "on a wholly statutory, non-civil-rights claim pendent to a substantial constitutional claim" could be awarded attorney fees. This court recently recognized this rule, holding:

> The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1982), provides that attorney fees may be awarded to the prevailing party, other than the United States, in any action to enforce a provision of § 1983.

Furthermore, a party who prevails on a ground other than § 1983 is entitled to attorney fees under § 1988 if § 1983 would have been an appropriate basis for relief.

*Dennis v. State*, 234 Neb. 427, 429-30, 451 N.W.2d 676, 678 (1990), *rev'd on other grounds sub. nom., Dennis v. Higgins*, 498 U.S. 439, 111 S. Ct. 865, 112 L. Ed. 2d 969 (1991).

A number of courts have further interpreted the act, holding that "the fact that a party prevails on a ground other than § 1983 does not preclude an award of attorney's fees under § 1988. If § 1983 would have been an appropriate basis for relief, then [the plaintiff] is entitled to attorney's fees under § 1988 even though relief was actually awarded on another ground." *Consol. Freightways Corp. of Del. v. Kassel*, 730 F.2d 1139, 1141-42 (8th Cir. 1984).

The criteria needed for a plaintiff to receive an award of attorney fees when he prevails on grounds other than § 1983 are well established: "When the plaintiff in a civil rights action prevails on a pendent state claim based on a common nucleus of operative fact with a substantial federal claim, fees may be awarded under § 1988." *Carreras v. City of Anaheim*, 768 F.2d 1039, 1050 (9th Cir. 1985). See, also, *Maher, supra*; *Mateyko v. Felix*, 924 F.2d 824 (9th Cir. 1990). This is true even if the plaintiff's federal claims are never reached because the plaintiff prevails on state constitutional grounds. *Maher, supra*; *Carreras, supra*.

These guidelines are derived from language in the House report accompanying . . . § 1988: "To the extent a plaintiff joins a claim under one of the statutes enumerated in [§ 1988] with a claim that does not allow attorney fees, that plaintiff, if it prevails on the non-fee claim, is entitled to a determination on the other claim for the purpose of awarding counsel fees. *Morales v. Haines*, 486 F.2d 880 (7th Cir. 1973). In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In such cases, if the claim for which fees may be awarded meets the 'substantiality' test, *see Hagans v. Lavine, supra; United*

*Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a 'common nucleus of operative fact.' *United Mine Workers v. Gibbs, supra* at 725 . . . ." H.R.Rep.No. 94-1558, 94th Cong., 2d Sess. 4 n.7 (1976), U.S.Code Cong. & Admin.News 1976, p. 5908.

*Reel v. Arkansas Dept. of Correction*, 672 F.2d 693, 698 (8th Cir. 1982).

There are three requirements, therefore, which must be met in order for a plaintiff who is successful on a nonconstitutional claim in a civil rights suit to be awarded an attorney fee. First, the constitutional and nonconstitutional claims must arise from the same nucleus of operative fact. Second, the plaintiff must have presented a substantial federal claim. Third, the plaintiff must have succeeded in the suit to a degree necessary to attain the status of a prevailing party. *Reel, supra*; *Kimbrough v. Arkansas Activities Ass'n*, 574 F.2d 423 (8th Cir. 1978); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978).

Plaintiff here has no doubt satisfied the requirement that the claims arise from a common nucleus of operative fact, and he has attained the status of a prevailing party.

The final determination to be made is whether the constitutional claim is substantial under *Hagans v. Lavine*, 415 U.S. 528, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974). The *Hagans* test states: " 'A claim is insubstantial only if " 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.' " ' " 415 U.S. at 538, citing *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 30 S. Ct. 326, 54 L. Ed. 482 (1910). When judged by this standard, the equal protection claim at issue cannot be said to be either frivolous or so insubstantial as to be beyond the jurisdiction of the federal courts.

Here, plaintiff had initially filed his action in the U.S. District Court for the District of Nebraska, suing the City of

Omaha under § 1983. He alleged that provisions of the Omaha home rule charter and the Omaha Municipal Code violated his federal constitutional rights under the 1st and 14th Amendments. The district court found that the provisions were not facially unconstitutional, but declined to hear the state law issues. Plaintiff then appealed to the U.S. Court of Appeals for the Eighth Circuit.

The court of appeals vacated the district court's order and remanded the cause to the district court with directions to abstain from further proceedings pending the disposition of the state law issues by state courts. The court of appeals, in so holding, found that the abstention doctrine from *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 2d 971 (1941), was applicable, stating: " '*Pullman* requires a federal court to refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds.' " *Robinson v. City of Omaha, Neb.*, 866 F.2d 1042, 1043 (8th Cir. 1989), quoting *Moe v. Brookings County, South Dakota*, 659 F.2d 880 (8th Cir. 1981). The substantiality of plaintiff's constitutional claim is therefore to be determined from other sources.

Only a very few courts have addressed the exact question presented in this appeal. Representative of these decisions is *Mancuso v. Taft*, 476 F.2d 187, 189 (1st Cir. 1973), where the constitutionality of a city home rule charter prohibiting " 'continuing in the classified service of the city after becoming a candidate for nomination or election to any public office' " was challenged. The U.S. Court of Appeals for the First Circuit recognized that this rule divided the citizenry into two groups of candidates for public office: those classified civil servants, who were prohibited from filing as candidates, and all other citizens, who were free to run for office. The court held that "candidacy is both a protected First Amendment right and a fundamental interest. Hence any legislative classification that significantly burdens that interest must be subjected to strict equal protection review." 476 F.2d at 196. In applying this standard, the court found that while the state had a compelling interest in

maintaining the honesty and impartiality of its public work force, the exclusionary measure of the home rule charter was not "even reasonably necessary to satisfaction of this state interest." *Id*. at 198.

In *Hagans v. Lavine, supra*, the U.S. Supreme Court provided additional guidance for determining when a federal claim is substantial. The *Hagans* Court held:

> [W]e cannot "say that the cause of action alleged is so patently without merit as to justify, even under the qualifications noted, the court's dismissal for want of jurisdiction." [Citation omitted.] Nor can we say that petitioners' claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits."

415 U.S. at 542-43.

It follows that the case at bar also presented a substantial constitutional claim as required under the *Hagans* test. See, also, *Johnson v. Cushing*, 483 F. Supp. 608 (D. Minn. 1980) (right to run for political office is a federal constitutional right); *Duncan v. Poythress*, 515 F. Supp. 327 (N.D. Ga. 1981) (right to vote is a constitutionally protected right).

The case is not different from what it would have been if plaintiff had initially filed in the state court, combining the § 1983 claim with the claim that the charter provision is invalid on other grounds. Plaintiff is not to be penalized for withholding the assertion of the § 1983 claim in this case so as not to jeopardize the maintenance of that claim in the federal court, especially when he had in effect been directed to obtain its separate adjudication. The Civil Rights Attorney's Fees Awards Act of 1976, § 1988, has as its primary purpose "to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law." *Seattle School Dist. No. 1 v. State of Wash.*, 633 F.2d 1338, 1348 (9th Cir. 1980). The act should be liberally construed to accomplish its objectives. *Seals v. Quarterly County Court, etc.*, 562 F.2d 390 (6th Cir. 1977).

The award of attorney fees was correct. Plaintiff may move for the allowance of fees for services in this court in accordance with Neb. Ct. R. of Prac. 9F, as amended, effective January 1, 1993.

AFFIRMED.