# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3740

_____

Benjamin Burris,

*Plaintiff - Appellant,*

Elizabeth Gohl,

*Plaintiff,*

v.

Donna F. Cobb, in her official capacity as Executive Director of the Arkansas State Board of Dental Examiners; George Martin; Robert D. Keene; David J. Bell; Timothy D. Chase; Robert H. Carter; Jennifer Lamb; Donna White, in their individual capacities as Members of the Arkansas State Board of Dental Examiners,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 21, 2015
Filed: December 11, 2015

_____

Before WOLLMAN, COLLOTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Benjamin Burris is a dentist in Arkansas who owns two corporations that operate eleven orthodontic offices in the state. He holds a license from the State as an orthodontic specialist but also provided low-cost teeth-cleaning services to non-orthodontic patients at several of his offices during 2013. The cleanings were performed by dental hygienists under the supervision of orthodontists.

In a letter dated June 2013, the Arkansas State Board of Dental Examiners informed Burris that his provision of teeth-cleaning services violated a requirement of the Arkansas Dental Practice Act that says a dentist with a specialty license "must limit his or her practice to the specialty in which he or she is licensed except in an emergency situation." Ark. Code Ann. § 17-82-305(g)(2). In response, Burris discontinued his teeth-cleaning program, and he eventually signed a consent order in which he agreed formally to stop providing teeth-cleaning services at his orthodontic offices unless they are rendered as part of orthodontic treatment.

Burris and another dentist (now deceased) then sued the Board's executive director, Donna Cobb, and members of the Board, alleging that the Board's enforcement of the Arkansas Dental Practice Act violates his rights under the Federal Constitution. The dentists sought a declaratory judgment and injunctive relief that would preclude enforcement of the Act. The executive director and Board members moved to dismiss the complaint for failure to state a claim, arguing that the dentists failed to exhaust administrative remedies as required by the Arkansas Administrative Procedures Act, that the constitutional claims were not ripe for judicial review, and that Burris waived his claims by voluntarily signing the consent order.

The district court did not address the points urged by the defendants but dismissed the complaint without prejudice on a different ground not raised by the parties. The court concluded that it should abstain from deciding the case pursuant

-2-

to the doctrine established by *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). As described by this court, "*Pullman* requires a federal court to refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." *Moe v. Brookings Cty.*, 659 F.2d 880, 883 (8th Cir. 1981). The district court reasoned that Arkansas law is susceptible to an interpretation that would avoid any federal constitutional question in this case: "The Arkansas courts may fairly determine that the Board exceeded its statutory authority in promulgating the rules and regulations of the [Act], or that Dr. Burris was qualified to carry out the practices at issue, thereby obviating the federal constitutional inquiries." *Burris v. Cobb*, No. 4:14CV00319 BSM, 2014 WL 5795790, at *2 (E.D. Ark. Nov. 6, 2014).

Burris argues on appeal that the district court abused its discretion by abstaining under the *Pullman* doctrine, because the Arkansas statute is clear and not susceptible to any interpretation that would avoid the constitutional questions raised in his complaint. The executive director and Board members do not defend the district court's rationale and agree that Burris's provision of teeth-cleaning services was plainly prohibited by the Act. The district court did not offer any plausible interpretation of the Act under which a licensed orthodontist such as Burris is permitted to practice general dentistry, including teeth-cleaning, outside of an emergency situation. We agree with the parties that the statute is clear. Except in an emergency, Arkansas law requires that Burris "must limit his . . . practice to the specialty in which he . . . is licensed." Ark. Code Ann. § 17-82-305(g)(2). Because there is no ambiguity and thus no unsettled question of state law, *Pullman* abstention is not appropriate here. *City of Houston v. Hill*, 482 U.S. 451, 468 (1987); *Nat'l City Lines, Inc. v. LLC Corp.*, 687 F.2d 1122, 1126 (8th Cir. 1982).

The Board's executive director and members urge us to affirm the dismissal of Burris's complaint on other grounds raised in their motion to dismiss. The district

court, however, did not address any of these contentions, and we believe that the alternative arguments for dismissal, and the responses thereto, are best considered by the district court in the first instance.

The judgment is reversed, and the case is remanded for further proceedings.

_____