# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2667

_____

Grand Juror Doe

*Plaintiff - Appellant*

v.

Robert P. McCulloch, in his official capacity as Prosecuting Attorney for St. Louis County, Missouri

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 16, 2016
Filed: June 20, 2016

_____

Before WOLLMAN, BENTON, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Grand Juror Doe appeals from the dismissal of her declaratory judgment action, following the district court's decision to abstain from exercising jurisdiction.[1] We

_____

[1]The district court granted Doe's motion to proceed under a pseudonym and thereafter used feminine pronouns in its orders. Consistent with the district court, we have used feminine pronouns throughout this opinion.

conclude that the district court should not have dismissed the case outright, but rather should have stayed the case while the state-law issues were decided by the Missouri state courts. Accordingly, we vacate the judgment and remand the case to the district court for further proceedings.

Doe served on the Missouri grand jury that considered whether probable cause existed to indict Darren Wilson, the Ferguson, Missouri, police officer who shot and killed Michael Brown in August 2014. County prosecutors presented evidence to the grand jury over the course of several weeks. On November 24, 2014, the grand jury returned a "no true bill" of indictment and was discharged from service. See Mo. Rev. Stat. § 540.260 ("When there is not a concurrence of nine grand jurors in finding an indictment, the foreperson shall certify . . . that such an indictment is not a true bill.").

That evening, Robert P. McCulloch, the prosecuting attorney for St. Louis County, held a press conference, during which he explained the grand jury's investigation and its decision not to indict Wilson on any charges. He also released some of the evidence that prosecutors had presented to the grand jury, including transcripts, reports, interviews, and forensic evidence.

Doe took an oath of secrecy twice, once in May 2014 when she began her term as a grand juror and a second time in September 2014 when her term was extended to allow the grand jury to complete its investigation into the Wilson matter. The oath asks, in relevant part:

> Do you solemnly swear you will diligently inquire and true presentment make, according to your charge, of all offenses against the laws of the state committed or triable in this county of which you have or can obtain legal evidence; the counsel of your state, your fellows and your own, you shall truly keep secret?

Mo. Rev. Stat. § 540.080. Missouri law disallows a grand juror from "testify[ing] or declar[ing] in what manner he or any other member of the grand jury voted on any question before them, or what opinions were expressed by any juror in relation to any such question." Id. § 540.310. Missouri law further provides that "[n]o grand juror shall disclose any evidence given before the grand jury, nor the name of any witness who appeared before them, except when lawfully required to testify as a witness in relation thereto." Id. § 540.320. A grand juror who unlawfully discloses evidence or names of witnesses "shall be deemed guilty of a class A misdemeanor," id., which can result in a term of imprisonment and a fine.

Doe would like to speak about her experience as a grand juror and express her opinions about the grand jury's investigation. She would like to correct any implication that the grand jury unanimously found that there was no probable cause to indict Wilson on any charges. Moreover, in Doe's opinion, the prosecutors presented evidence and explained the law differently in the Wilson matter than they had in the other matters presented to the grand jury. Doe claims that she has not recounted her experience or expressed her views because she fears the imposition of criminal penalties or other punishment.

Doe filed suit against McCulloch in his official capacity in January 2015. She sought a declaratory judgment that the Missouri statutes restricting grand jurors from disclosing information were unconstitutional as applied to her. She claimed that the state's grand-jury secrecy laws violate her First Amendment right to free speech. McCulloch moved to dismiss the complaint, arguing, among other things, that the district court should abstain from exercising its jurisdiction under Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941). The district court decided to abstain and granted the motion to dismiss, even though a lawsuit is typically stayed—not dismissed—under Pullman. See, e.g., Bob's Home Serv., Inc. v. Warren County, 755 F.2d 625, 628 (8th Cir. 1985) ("Pullman abstention . . . involves not an abdication of federal jurisdiction, but only the postponement of its exercise."); Coley

-3-

v. Clinton, 635 F.2d 1364, 1377 (8th Cir. 1980) ("[A]bstention under the Pullman doctrine contemplates retention of jurisdiction over the federal claims, pending the disposition of state law issues in the state proceedings.").

After her federal lawsuit was dismissed, Doe filed a state-court petition, seeking a declaration that section 540.320 does not apply to her and requesting a release from the oath she took. The petition also set forth her First Amendment claim, but stated that Doe did not seek relief on that claim and instead reserved the right to return to federal district court to have her constitutional claim heard in a federal forum. See England v. La. State Bd. of Med. Exam'rs, 375 U.S. 411, 421-22 (1964) (setting forth the procedure for reserving the right to return to federal court for a determination of any remaining federal questions).

Meanwhile, in federal district court, Doe moved to alter or amend the judgment, asking that her case be stayed—rather than dismissed—so that she could pursue her First Amendment claim in federal court if her state-law claims proved unsuccessful. Despite the seeming application of the Pullman doctrine in its previous order, the district court stated in its order denying Doe's motion to alter or amend judgment that it had dismissed the case under the abstention doctrine set forth in Burford v. Sun Oil Co., 319 U.S. 315 (1943), "a feature of which is outright dismissal of the complaint by the federal court." Bob's Home Serv., Inc., 755 F.2d at 628. The district court thus instructed Doe to pursue all of her claims in state court.

Doe argues on appeal that the district court erred by dismissing her First Amendment claim under Burford. "Burford abstention applies when a state has established a complex regulatory scheme supervised by state courts and serving important state interests, and when resolution of the case demands specialized knowledge and the application of complicated state laws." Bilden v. United Equitable Ins. Co., 921 F.2d 822, 825 (8th Cir. 1990); see also New Orleans Pub. Serv., Inc. v. Council of City of New Orleans (NOPSI), 491 U.S. 350, 361 (1989). Doe's lawsuit

does not involve any complex regulatory scheme, nor does it demand the delicate balancing of state interests typically found in Burford abstention cases. See NOPSI, 491 U.S. at 362 (stating that "Burford is concerned with protecting complex state administrative processes from undue federal interference"). Moreover, although the Missouri statutes are not without ambiguity, they also are not particularly complicated. Doe's lawsuit simply does not implicate the principles underlying Burford abstention, for "it does not demand significant familiarity with, and will not disrupt state resolution of, distinctively local regulatory facts or policies." Id. at 363-64 (emphasis omitted). We thus conclude that the district court erred in applying Burford abstention.

The district court did not err in abstaining from exercising its jurisdiction, however. "Abstention is proper . . . when a federal constitutional issue might be mooted by a state-court determination of pertinent questions of state law." Bob's Home Serv., Inc., 755 F.2d at 628. Specifically, "Pullman requires a federal court to refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." Burris v. Cobb, 808 F.3d 386, 388 (8th Cir. 2015) (quoting Moe v. Brookings County, 659 F.2d 880, 883 (8th Cir. 1981)). As set forth above, the criminal statute that Doe challenges forbids a grand juror from "disclos[ing] any evidence given before the grand jury" or "the name of any witness who appeared before" the grand jury. Mo. Rev. Stat. § 540.320. A question Doe now asks is whether and to what extent the statute applies to her, in light of the fact that McCulloch has disclosed some evidence and witness names. Because the answer by the Missouri courts could alter or avoid altogether the need for a decision on Doe's First Amendment claim, the district court properly abstained from the immediate exercise of federal jurisdiction.[2] Rather than

[2]In her federal complaint, Doe challenged sections 540.080, 540.120, 540.310, and 540.320 of the Missouri Revised Statutes. McCulloch states that his office is without authority to enforce the provisions related to the oath—sections 540.080 and

dismissing the case, however, the district court instead should have retained jurisdiction and stayed the proceedings while the parties litigate the state-law questions in the Missouri state courts.

Accordingly, the judgment is vacated and the case is remanded for further proceedings consistent with this opinion. When the state-law issues have been resolved, if the First Amendment claim has not become moot, Doe may return to federal district court and pursue it. See Bob's Home Serv., Inc., 755 F.2d at 628 (citing England, 375 U.S. at 415-17).

_____

540.310—because those statutes are not criminal statutes. He argues that any claims related to the oath should be decided by the judge who supervised the grand jury proceedings. Moreover, he contends that section 540.120 applies to witnesses who appear before the grand jury and "has nothing to do with enforcing the oath sworn by [Doe] as a grand juror." Appellee's Br. 26 (emphasis omitted). We note that Doe has not challenged section 540.120 in her state-court petition, but we need not decide at this juncture whether Doe has sued the wrong party, has filed suit in the wrong venue, or has challenged a statute that does not apply to her, for those state-law issues may well be resolved by the Missouri state courts while Doe's federal case is stayed.