76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse MOORE, Petitioner-Appellant,
v.
Howard CARLTON, Warden, Respondent-Appellee.
 No. 95-5727.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1996.
 
 1
 E.D.Tenn., No. 91-00130; R. Allan Edgar, District Judge.
 
 
 2
 E.D.Tenn.
 
 
 3
 MOTIONS DENIED.
 
 ORDER
 
 4
 Jesse Moore, a pro se Tennessee prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Moore now moves for the appointment of counsel, in forma pauperis status, a transcript at government expense, and other miscellaneous relief. The receipt of the certified record has been construed as an application for a certificate of probable cause. Fed.R.App.P. 22(b).
 
 
 5
 Moore was found guilty by a jury in 1984 of aggravated kidnapping and aggravated rape for which he received two consecutive sentences of forty years. After his motion for new trial was denied, Moore appealed his convictions to the Tennessee Court of Criminal Appeals, asserting eight issues, including an ineffective assistance of counsel claim. The state appellate court affirmed Moore's convictions, specifically denying Moore's ineffective assistance of counsel claim because Moore had not cited any specific instances of misconduct. The Tennessee Supreme Court declined review.
 
 
 6
 Thereafter, Moore filed his first habeas petition, raising eight issues for review. This petition was dismissed for lack of exhaustion of available state court remedies because Moore had not fairly presented his claim of ineffective assistance of counsel to the state courts. Moore then presented his ineffective assistance of counsel claim in the Tennessee Criminal Court; however, the court denied relief, concluding that this claim had already been decided and disposed of on direct appeal. Moore did not seek further review in state court.
 
 
 7
 Moore then filed his present habeas petition; however, he failed to set forth any specific grounds for relief. Nonetheless, the district court liberally construed the petition as asserting the following eight grounds, that were originally presented in his first petition: 1) the trial court improperly admitted into evidence portions of a statement which had not been timely delivered to defense counsel before trial; 2) the trial court improperly allowed the prosecution to introduce into evidence a portion of a statement which had been excluded by a prior court ruling; 3) the trial court improperly allowed the prosecution to introduce evidence regarding the electrical shock device that was found next to Moore's bed; 4) the trial court erroneously charged the jury that the second count of the indictment charged him with the crime of aggravated rape; 5) the trial court improperly sentenced him to maximum Range I sentences and ordered them to run consecutively; 6) the trial court should have instructed the jury on simple kidnapping as a lesser included offense to aggravated kidnapping; 7) jury misconduct deprived Moore of his Sixth Amendment right to a fair and impartial jury; and 8) trial counsel rendered ineffective assistance.
 
 
 8
 The district court denied habeas relief on all claims. Regarding the first claim, the court concluded that while the trial court may have erred in admitting evidence that had not been timely delivered to defense counsel, the error was harmless, as it did not have a substantial and injurious effect or influence on the jury's verdict. See Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 1713-14 (1993). It rejected claims enumerated two through five as they raised only state evidentiary matters that did not rise to a level of constitutional dimension. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). Proceeding to the last three issues, the court ruled that the evidence did not warrant an instruction on simple kidnapping, given that Moore had chained the victim to his van and bed and had placed a gun to the victim's head, see United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991), that there had been no juror misconduct, given the juror's affidavit disavowing any personal acquaintance with Moore, see Patton v. Yount, 467 U.S. 1025, 1038 (1984), and that Moore had not shown cause and prejudice to excuse his failure to fairly present his ineffective assistance of counsel claim in the state courts. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). The court thus dismissed the petition as without merit. It is from this judgment that Moore now appeals.
 
 
 9
 An individual seeking a certificate of probable cause is required to make a substantial showing of the denial of a federal constitutional right. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983). The record before us does not meet this standard, for the reasons stated by the district court in its memorandum opinion filed on March 3, 1995. This is also not an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Rust v. Zent, 17 F.3d 155, 162 (6th Cir.1994).
 
 
 10
 Accordingly, all pending motions including Moore's application for a certificate of probable cause are hereby denied.