92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Perry Saleem LEE, Plaintiff-Appellant,
Thomas Allgood; Andre' B. Davis; Lawrence E. Finney;
Robert L. Hunt; Robert Simpson, also known as Dwaquille
Raheem Jamal; Charles B. Strawter; Oscar F. Strawter;
Adrian Talley; Steven R. Radley, Plaintiffs,
v.
Kevin MYERS, Warden, South Central Correctional Center;
Randall J. Runions, Chaplain; David R. Brewer, past unit
manager and present Internal Affairs Officer; John Duvall;
Tommy Copeland, Officer, second shift; Robert Van Buskirk,
author and evangelist; Tom Matlock, evangelist and
photographer for religious organization from the state of
Louisiana; Insight for Inmates, an evangelistic
organization from the state of Louisiana; Corrections
Corporation of America; Tennessee Department of
Corrections; John Does 1-14; Jane Doe, Defendants-Appellees.
 No. 95-6024.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1996.
 
 1
 Before: BOGGS and MOORE, Circuit Judges; HILLMAN, District Judge.*
 
 ORDER
 
 2
 Perry Saleem Lee, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. §§ 1983, 1985(3), and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Lee and nine other Tennessee inmates, all members of the Muslim faith, sued the warden, chaplain, and three other officers of the South Central Correctional Center (SCCC); several evangelists associated with a Christian organization called "Insight for Inmates;" the Corrections Corporation of America (CCA), which operates the SCCC under contract with the State of Tennessee; and the Tennessee Department of Corrections (TDOC). The SCCC officers are all employees of the CCA and were sued in their individual and official capacities. The plaintiffs alleged that the defendants acted in concert to violate their rights to due process, equal protection, freedom of religion, and to be free from cruel and unusual punishment when, on July 23, 1994, the CCA defendants allowed the Insight for Inmates defendants access to the prisoners while they were locked down for the morning count for the purpose of proselytizing the Christian faith.
 
 
 4
 In a report filed on June 21, 1995, a magistrate judge recommended that the complaint be summarily dismissed as insubstantial pursuant to Fed.R.Civ.P. 12(b)(1). The magistrate judge concluded that the plaintiffs could not establish standing for injunctive relief because there was no likelihood that the activity would recur. He further concluded that any claim for monetary damages would be barred by the doctrine of qualified immunity. The plaintiffs filed timely objections, which were overruled by the district court. The district court, accordingly, adopted the findings and conclusions of the magistrate judge and dismissed the complaint for lack of subject matter jurisdiction due to insubstantiality. The notice of appeal was signed by only plaintiff Lee; thus he is the only appellant properly before the court.
 
 
 5
 On appeal, Lee argues that the district court erred in finding the allegations in the complaint insubstantial and he continues to assert that the involuntary exposure to the Christian proselytizing violated his rights under the First, Eighth, and Fourteenth Amendments.
 
 
 6
 Upon review, we affirm the district court's order insofar as it dismissed the claim for injunctive relief and the claims for monetary damages against the TDOC and the Insight for Inmates defendants. The dismissal of the damages claims against these defendants, however, is affirmed for reasons other than those stated by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994). We vacate the district court's order insofar as it dismissed the claim for monetary damages against the CCA defendants because it was error to sua sponte dismiss those claims as insubstantial on the basis of qualified immunity. That claim and the claim for declaratory judgment against the CCA defendants are remanded for further proceedings.
 
 
 7
 The district court erred in dismissing Lee's complaint as insubstantial under Fed.R.Civ.P. 12(b)(1), which provides for dismissal for lack of subject matter jurisdiction. We note that the magistrate judge also discussed whether the complaint was frivolous under 28 U.S.C. § 1915(d) and concluded that it was; however, the district court clearly dismissed the complaint on the ground that it was "insubstantial." In any event, even if the district court is considered to have dismissed the case under § 1915(d), it abused its discretion in sua sponte dismissing the claims for monetary damages and declaratory judgment against the CCA defendants for the reasons discussed below. See Denton v. Hernandez, 504 U.S. 25, 33-34 (1992).
 
 
 8
 The Supreme Court stated in Hagans v. Lavine, 415 U.S. 528 (1974), relied upon by the district court, that claims which are "so attenuated and unsubstantial as to be absolutely devoid of merit," id. at 537 (internal quote omitted), are of insufficient substance to support federal jurisdiction. However, even under Hagans, it appears that Lee's complaint was of sufficient substance to confer jurisdiction upon the federal courts:
 
 
 9
 "Constitutional insubstantiality" for this purpose has been equated with such concepts as "essentially fictitious," Bailey v. Patterson, 369 U.S. [31,] 33 [1962]; "wholly insubstantial," ibid.; "obviously frivolous," Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 (1910); and "obviously without merit," Ex parte Poresky, 290 U.S. 30, 32 (1933). The limiting words "wholly" and "obviously" have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281.
 
 
 10
 Hagans, 415 U.S. at 537-38 (parallel citations omitted). See also In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989). This court has held that the Hagans standard " 'is easily met--an arguably plausible claim must be allowed to proceed.' " In re Bendectin Litig., 857 F.2d at 300 (quoting Robbins v. Reagan, 780 F.2d 37, 43 (D.C.Cir.1985)). The complaint in this case meets this liberal standard.
 
 
 11
 Lee's claims are arguably plausible because the district court's reason for finding that Lee's claims for monetary damages are insubstantial is erroneous. The district court adopted the magistrate judge's conclusion that the defendants were entitled to qualified immunity. Qualified immunity is an affirmative defense that must be pleaded by the defendant official. Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). However, the district court sua sponte dismissed Lee's complaint on that basis before service of process on the defendants. It is ordinarily error to raise an affirmative defense sua sponte unless the defense is obvious from the face of the complaint. See Haskell v. Washington Township, 864 F.2d 1266, 1273 (6th Cir.1988); Yellen v. Cooper, 828 F.2d 1471, 1475-76 (10th Cir.1987). The defense of qualified immunity is not obvious from the face of the complaint in this case. In fact, since the district court's decision, our Circuit has held that correctional officers employed by private for profit corporations in contract with the state are not entitled to qualified immunity. McKnight v. Reese, No. 95-5398, 1996 WL 38228, at * 9 (6th Cir. July 10, 1996). For these reasons, the district court's order dismissing the § 1983 claim for damages against the CCA defendants as insubstantial on the basis of qualified immunity is vacated and the case is remanded for service of process upon the CCA defendants.
 
 
 12
 Nevertheless, the district court properly dismissed Lee's claims against the TDOC because, as a state agency, it is entitled to Eleventh Amendment immunity. See generally Welch v. Texas Dep't of Highways and Public Transp., 483 U.S. 468, 472-73 (1987); Papasan v. Allain, 478 U.S. 265, 276-77 (1986). In addition, the district court properly dismissed the claims against the Insight for Inmates defendants because those defendants are not state actors so as to be subject to suit under § 1983. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmet County Dep't of Social Servs., 942 F.2d 372, 374 (6th Cir.1991). Although a private party who conspires with a state actor to commit the offensive conduct thus becomes a state actor himself and may be, therefore, found liable under § 1983, see Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982), and private parties may be held liable for a conspiracy motivated by racial or other class-based discriminatory animus under § 1985(3), Lee has presented no facts which would support a finding of conspiracy in this case. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 13
 Nor did the district court abuse its discretion in denying the claim for injunctive relief. The district court noted that the TDOC has directed the SCCC to confine to the chapel the type of religious services that Lee complains about. Memorandum Opinion at 1. Thus, there is no real or immediate threat that the inmates will be offended again, therefore no occasion to contemplate an injunction.
 
 
 14
 Accordingly, the district court's order is affirmed insofar as it dismissed the conspiracy claim, the claims for injunctive relief and the claims against the TDOC and the Insight for Inmates defendants. The order is vacated insofar as it dismissed the § 1983 claims for declaratory and monetary relief against the CCA defendants and those claims are remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation